# Richmond.

Pracht & Co. and als. v. Lange and als.

February 18th, 1886.

1. Bills of Review—*Entire record—Error of law.*—On bill of review the court will not only correct errors of law apparent in the decrees in the cause, but will look into all the pleadings and other proceedings, and correct whatever error of law there may be in the record. *Hancock* v. *Hutchinson,* 76 Va. 609.

2. Idem—*Infants—"Any error."*—Bill of review may be filed by infant defendants—against whom a decree has been rendered—at any time before or within three years after attaining majority, and may be asked to be taken as a petition for rehearing, and thereby the infant is entitled to show *any* good cause existing, at date of rendition, against the original decree.   Code 1873, ch. 174, sec. 10.   *Zirkle* v. *McCue,* 26 Gratt. 517. ·

3. Appellate Court—*Fraud.*—Where it was not charged in the court below that a conveyance is fraudulent, such charge cannot, for the first time, be made in this court.

4. Chancery Practice—*Petitions—Cross-bill.*—Where a petition filed in a cause prays for relief, and is virtually a cross-bill, decrees based on it are of none effect against those who were never summoned to answer it, or who were not properly before the court.

5. Trustees—*Powers—Ultra vires—Case at bar.*—F., by deed dated May 16th, 1862, conveyed realty to L., as trustee, for the sole use of L.'s wife, remainder to her children—the purpose being to provide "support and maintenance" for L.'s family—with authority only, under certain circumstances and formalities, to sell and re-invest in other property to be held on the same trust.   At date of the deed L. was engaged in business as agent of F., with certain personal property.   P. & Co. presented in 1874, in a pending suit to subject

that realty to liens under a prior trust deed, their petition setting up an account against L. "as agent and trustee," for a balance of $3,072.26 due them by him for goods sold from 1867 to 1872 to him as such "agent and trustee," for supplies to carry on the store and business of said agency, claiming that the trust property was bound for their debt.

Held:

> The power of the trustee being limited by the instrument creating the trust, it was beyond L.'s power to bind the trust property for such debts.

Appeal from decree of circuit court of the city of Fredericksburg, entered June 1st, 1880, in the chancery suit of Alexander's Administratrix against Lange and others, wherein Pracht & Co. and John C. Raw & Co. filed their petitions. The decree on the said petitions being adverse to the petitioners, they obtained an appeal to this court.

Opinion states the case.

*Marye & Fitzhugh* and *W. A. Little,* for the appellants.

*A. W. Wallace* and *J. B. Sener,* for the appellees.

Fauntleroy, J., delivered the opinion of the court.

The transcript of the record in this case shows the facts as follows—viz: On the 17th day of December, 1858, William Lange and Dorothea Lange, his wife, executed a deed of trust of that date to John L. Marye, junior, by which they conveyed to the said Marye, trustee, all the property, of every description, then owned by the said William Lange, consisting of the equity of redemption in a storehouse and lot in the city of Fredericksburg, and all the goods, wares and implements contained therein and used in carrying on the business of a candy and confectionery store and a bakery, together with all debts, dues and

accounts belonging to the said William Lange, in trust for the benefit of all the creditors of the said William Lange; and, among others, to secure a debt due to John B. Alexander, the intestate of the plaintiff in this suit. That in the execution of this trust the said Marye, trustee, did, on or about the 1st of October, 1860, sell, at public auction, the said real estate so conveyed to him, subject to an existing lien thereon for a balance of purchase money thereon, upon the terms that the proceeds of said sale should be applied—first, to the payment of the said balance of unpaid purchase money, and next towards the payment of the creditors of William Lange mentioned and classified in said deed of trust of 17th December, 1858. The purchaser at this sale was Frederika Miller, the sister-in-law of said William Lange and sister of his wife, the said Dorothea Lange, for the price of $3,450.00, bearing interest from said 1st of October, 1860, until paid. The said John L. Marye, junior, trustee, in execution of his powers and duties prescribed in the said deed of trust, took possession of the said candy and confectionery and bakery establishment of the said William Lange the day of the execution of the said deed of trust—viz: December 17th, 1858; and, for the benefit of the trust, conducted the business until the materials and stock in trade were all used up and sold by his agent, the same having been duly appraised; and the said proceeds were accounted for in the settlement of the accounts of the said trustee, and amounted to $1,283.38. Which said sum, together with the proceeds of the said sale of the equity of redemption in and to the said house and lot, leaving a balance of $865.56 as of January, 1862, after paying off and satisfying the aforesaid purchase money lien, was applied by the said Marye, trustee, to the purposes and directions of trust; and, among others, to the payment of the said debt due to the said John B. Alexander and secured in said deed of trust, leaving a balance of $133.00, with interest on

$119.60, part thereof, from April 9th, 1862, unpaid—for which judgment was obtained and execution issued.

On the 15th January, 1862, John L. Marye, trustee, conveyed the said house. and lot to Frederika Miller, by a deed reciting the full payment of all the purchase money by the said Frederika Miller through one Charles S. Scott.

On the 16th day of May, 1863, Frederika Miller conveyed the said house and lot situated on Main street, in Fredericksburg, and a tract of land containing 32 acres, in the county of Spotsylvania, and a tract of land situated about four miles from said town, containing 130 acres, to William Lange, for the consideration of the natural love and affection she bears to her sister, the said Dorothea Lange and her family, and of one hundred dollars: In trust, that the said William Lange shall hold the said property, as trustee, for the sole and separate use of his wife, the said Dorothea Lange, and shall apply the profits, rents and proceeds thereof for the support and maintenance of the said Dorothea ·Lange and her husband and family, so long as the said Dorothea shall live. In the event of her death, the said husband, William Lange, surviving, the said profits and proceeds shall be applied in like manner for the support and maintenance of the said William Lange and the children of the said Dorothea Lange. But after the decease of the said William and Dorothea Lange the said property shall be equally divided among the children, and the heirs of such as may not survive them, the said heirs, in each case, to take their parent's portion. And it is further expressly provided herein that in the event of its becoming necessary or desirable, for any reason, to dispose of the whole or of any portion of the property herein conveyed, the said trustee is hereby authorized and empowered, at the request of the said Dorothea Lange, expressed in a writing executed in the presence of two witnesses to that effect, to sell or dispose of the same, or any

part thereof, to the best advantage, using his own discretion as to the manner of said sale or disposition, the proceeds of said sale or sales, to be re-invested by the said trustee in other property to be held, in all respects, subject to the same uses and trusts.

Frederika Miller died in July, 1867, and by her will she made a similar settlement of all her personal property, amounting to $5,000.00 in value, upon William Lange, trustee, for his wife and children.

With these aforesaid deeds and this will undisputed and duly recorded, after the lapse of eleven years, and after the death of Frederika Miller, the settler of the bounty, to-wit: on the 30th January, 1874, John B. Alexander's administratrix filed the bill in this suit, claiming that there is due his intestate on this old debt existing at the date of the settlement in 1863, the trifling balance of $133, charging fraud in the settlement on Lange's wife and children, and asking to vacate and set aside all their deeds and the will of Frederika Miller as null and void for this small balance of a debt for which William Lange had provided in the deed of trust of December 17th, 1858. William Lange answered the bill, and denied any intent to defraud his creditors. He says the deed of trust to Marye of December 17th, 1858, was made by the advice and consultation of his creditors, and especially of the said John B. Alexander, because he had introduced his cousin Henry Lange, *casually,* to a firm in Baltimore, in 1857, and that firm was threatening to hold him liable for Henry Lange's debts.

At this stage of the cause, after the bill and the answer of Lange and the formal answer of the guardian *ad litem* for the infants and the depositions, and before any decree was passed in the cause, the appellants, Pracht & Co. and Raw & Co., filed their petitions in this cause, in which they do not allege or

charge fraud, or that they have dealt with William Lange without full notice of the trust settlement for his wife and children; but, on the contrary, expressly allege, as the ground of their claim, that they have dealt with William Lange, as agent and trustee, and they claim under the trust.

Both of the said petitioners, Pracht & Co. and Raw & Co. (who are the appellants here), obtained decrees against the entire property embraced in the Fredericka Miller trust settlement, the decree of December 11th, 1874, declaring, among other things, "And this court, being further satisfied that the debt filed with the petition of Charles Pracht & Co., amounting to the sum of $3,072.26, with interest at the rate of six per centum, per annum, from 11th day of August, 1874, till paid, was contracted by said William Lange, as trustee, in the prosecution of the business conducted by him as said trustee, and that the benefit of said account has accrued to the increase of said trust estate, doth adjudge, order and decree that said debt of Charles Pracht & Co. is a valid and subsisting claim and lien against the said trust estate in the hands of the said William Lange, trustee; and doth direct the said William Lange, trustee, to pay the said debt and interest out of the said trust subject, to the said Charles Pracht & Co., or to Wm. A. Little, their attorney; and the said William Lange, trustee, is directed to pay to the said plaintiffs the costs of this suit, and to pay to William A. Little, the attorney for said *cestui que trust*, his fee of $100 for defending this suit; and the cause is retained for further orders to be had therein."

And at a circuit court held for Fredericksburg, on 26th of May, 1877: "This cause coming on again to be further heard upon the papers formerly read, and the petition of John C. Raw & Co., filed since the last decree with the exhibit, and the answer of William Lange thereto, and of the infant defendants, by their guardian *ad litem*, duly appointed to defend

them, &c.   Upon consideration whereof this court, being satisfied that the debt filed with the plaintiff's petition of $2,000, with interest from 1st January, 1869, was contracted by William Lange, trustee, in the prosecution of the business conducted by him as said trustee, and the benefit of said debt has accrued to the increase of said trust estate, doth adjudge, order and decree that said debt of John C. Raw & Co. is a valid and subsisting claim and lien against the said trust estate in the hands of the said William Lange, trustee; and doth direct the said William Lange, trustee, to pay said debt and interest out of said trust subject to the said John C. Raw & Co., or to William A. Little, their attorney.   And the said William A. Little, as trustee in the said deed of trust of the 8th day of February, 1869, is directed, when thereto required by the said John C. Raw & Co., to offer for sale at public .auction, the said thirty-two acres of land in Spotsylvania county conveyed in said. deed, to the highest bidder, upon the terms of one-third cash, and the balance in one and two years, with interest, retaining the title as security for the deferred payments, and report his proceedings and any sale made by him to this court for its confirmation," &c.

On the 29th day of May, 1877, another petition was filed in the cause by William Lange, trustee, and Charles Pracht & Co., reciting the decree of December 11th, 1874, and stating that William Lange, finding it impossible, without a sale of a part of the trust subject, to pay the said debt which that decree ordered him to pay, on account of the unprofitableness of the business conducted by him in the storehouse on Main street, before referred to, had agreed with the said Pracht & Co. to sell the said storehouse and lot to said Charles Pracht & Co. for $4,500, said Pracht & Co. to pay $933.66, and the remaining $3,566.34 to be in full payment of their lien decreed in their favor by the said decree of December 11th, 1874.   The said

petition then asks the court to confirm the said sale. A copy of this aforesaid agreement between William Lange, trustee, and said Charles Pracht & Co. is filed with the petition, but no power of any kind of any of the parties in interest.

On the said 29th of May, 1877, the court entered a decree, confirming the said sale made by William Lange, trustee, to Pracht & Co., and directing the said Lange, trustee, and William A. Little (as special commissioner to convey the interest of the infant defendants) to convey the said storehouse and lot to said Pracht & Co., and said Commisioner Little was directed to collect the cash payment and pay over the net balance to John C. Raw & Co. on account of their claim against William Lange, as trustee.

William A. Little, as said special commissioner, filed his report, stating the conveyance of the said storehouse and lot on Main street to said Pracht & Co., and the payment of the net balance of the purchase money, $837.68, to John C. Raw & Co.; and the court, by its decree of December 7, 1877, confirmed the said report.

On the 29th of May, 1879, the adult and infant children of William Lange and wife, filed their bill of review and petition for rehearing, alleging that there is error of law apparent upon the face of all the aforementioned decrees of December 11, 1874, May 26, 1877, May 29, 1877, December 7, 1877, and praying for the review and reversal of the said decrees.

On the first day of June, 1880, the court entered the decree complained of as follows:

This cause coming on this day to be heard on the bill of review filed in this cause, and the demurrers, pleas and answers of the defendants, Pracht & Co. and Raw & Co., and the general replication thereto, &c. Whereupon the court being of opinion that there is error of law apparent on the face of the proceedings in the case of *Alexander* v. *Lange and others*, doth

adjudge, order and decree that so much of the decrees entered in said cause as decide the claims of Pracht & Co. and Raw & Co. to be subsisting liens against the trust estate in the hands of William Lange, trustee, and hold such trust estate responsible for said claims, be set aside and annulled ; but leave is granted the said Pracht & Co. and Raw & Co. to amend their pleadings in the said cause of *Alexander* v. *Lange*, by bill or otherwise, before the next term of this court.    From this decree, reversing the former aforesaid decrees in the cause, Pracht & Co. and Raw & Co. have appealed to this court; and they insist that the trust settlement, made by the deed of May 16, 1863, by Frederika Miller to William Lange, trustee, for the sole use of Dorothea Lange and her infant children, was a fraud upon the part of William Lange and wife, with whom Frederika Miller colluded, and was hence fraudulent and void both as to the existing and subsequent creditors of William Lange.    But, if the said trust settlement was lawfully made, that it was within the power granted to the trustee to carry on a mercantile business, and that the trust subject is liable for the claims of the appellants, contracted by William Lange as trustee, carrying on the said business.

The petitions of the appellants filed in the cause do not charge fraud in the trust settlement, nor is it raised in their answers to the bill of review.    On the contrary, they expressly claim to have dealt with William Lange as trustee, and they claim under the trust.    And now, for the first time, they allege in their petition to this court *fraud* as the ground of their demand to set aside a just settlement made by William Lange on his wife and children more than five years before the first dollar or item of their dealing with William Lange, trustee, was contracted; made when he owed no debts; made for the protection of his family in time of war, and that, too, in Fredericksburg; made years before he even contemplated the tran-

sactions, in 1867 and 1869, with the appellants; and reserving from the settlement large personal property. Nothing but the real estate of Lange (upon the theory of appellants that he furnished the money to Frederika Miller, the actual settler) was settled upon his wife and children by the deed of May 16th, 1863. All the personal property, which was sold by Marye, trustee, under the deed of trust of December 17th, 1858, to Frederika Miller, amounting to $1,283.38, the consideration moving from William Lange, was still held by William Lange as agent for Frederika Miller, under the advice of his creditors (he being an ignorant German, not long in this country at that time). This personal property amounted, at the death of Frederika Miller in July, 1867, to five thousand dollars in value, and it could have been subjected at any time by his creditors if William Lange had owed anybody. There is no proof in this entire record of any fraudulent intent; and the answer of William Lange to the bill filed by Alexander's administratrix wholly denies any fraudulent design in the deed of trust to Marye, trustee, December 17th, 1858, for the benefit of all his creditors; and made at the suggestion of his creditors, because of his apprehension of trouble with Henry Lange's creditors. He nowhere says that the settlement on his wife and children, by the deed of May 16th, 1863, was made under any apprehension of Henry Lange's creditors; and he could have felt no such apprehension, both because no such movement was indicated, and none such could have been made in 1863 for a store account made by Henry Lange in January, 1857. There is no proof in this record to show fraud, actual or constructive, in the deed of settlement of May 16th, 1863, by William Lange upon his wife and children; there was no intent to defraud, and there was no creditor to defraud. There was no "liability to which he might be subjected" at the time of the settlement, and he retained from the settlement his whole personal property,.

amounting in 1867, before the debts of the appellants were contracted, to $5,000.00. William Lange held this property as trustee, and the accounts of appellants were contracted with him as trustee. It was natural and proper for him to make himself trustee for the care and protection of his children's property, which he had voluntarily and legally settled upon them, and the principle referred to in 1 Rob. 140, 2 Randolph, 384, can have no application to this case.

The bill of review in this cause is filed by infants, and asked to be taken as a petition for a rehearing, which gives the infants a right to show any cause in the record against the original decree. Code 1873, chap. 175, sec. 10. And on a bill of review, the court will not only correct errors of law apparent in the decrees in the cause, but will look into all "the *pleadings and proceedings*," and correct whatever error of law there may be in the record. *Wroten's Assignee* v. *Armat,* 31 Gratt. 260; *Goolsby* v. *St John*, 25 Gratt. 146.

The appellants do not charge fraud in their petitions by which they come into this suit of *Alexander's Administratrix* v. *Lange,* but even if they had charged fraud in their petitions, the record shows that the infant defendants never had a day to answer. The petition of Pracht & Co. prays for relief, and is virtually a cross-bill. The decree of December 11th, 1874, upon which all the subsequent decrees were based, was on this petition alone; no one was ever summoned to answer this petition; and no one ever answered it; there is no appearance for the infant children by guardian *ad litem*, or otherwise; and even had the decree of December 11th, 1874, which the court since annulled, been based upon fraud, it would have been erroneous, if for no other reason, because the infants were not before the court.

But there is error upon the face of the decree of December 11, 1874, on which all the subsequent decrees are based. The

ground on which the court based that decree, so far as these appellants are concerned, is: "And this court being further satisfied that the debt filed with the petition of Pracht & Co., amounting to $3,072.26, was contracted by said William Lange, as trustee, in the prosecution of the business conducted by him as trustee, and that the benefit of said account has accrued to the increase of said trust estate, doth decree that said debt is a subsisting lien on said trust estate;" so that, even on the face of the decree, the order is based on the legal right or competency of William Lange, trustee, to carry on a mercantile business and to contract debts binding upon the *trust real estate.*

The power of William Lange, trustee, is set out in the deed of May 16, 1863, filed as Exhibit No. 3, with the original bill, as part thereof. The property, which is realty, is conveyed and settled to the sole and separate use of his wife for life, remainder to her children—the leading intent being to provide "support and maintenance" for Lange's family. The only power given in the deed, is the power under certain specified circumstances, and prescribed formalties—to sell and *re-invest* in other property to be held upon the same trust. The power of a trustee is limited by the instrument creating the trust (Lewin on Trusts, top p. 431; Perry on Trusts, sec. 454). Lange was, at the date of this deed of May 16, 1863, engaged in business with the personal property as agent for Frederika Miller. It was in time of war, and the sole object of the deed was to settle this real estate, beyond the risks of trade, and to provide a maintenance and support for his wife and children. The claim of these appellants that it is within the contemplation of the trust that the trustee might encumber this real trust estate with his subsequent mercantile accounts, is directly in the teeth of the terms and intendment of the settlement.

In the case of *McNeille* v. *Acton*, 2 Eq. Cases (Law Reports), 742 (1853), there was a special direction in the will by the testator that his trade should be carried on; yet it was held that

this did not authorize the employment in the trade of more of this testator's property than was employed therein at his death, nor did this direction, coupled with the direction that his debts should be paid, authorize a mortgage on his real estate not employed at his death in the trade, for the purpose of carrying it on. (See also *Kirkman* v. *Booth,* 11 Beavan, 273 ; *Booth* v. *Booth,* 1 Beavan, 125 ; *Bank of Greensboro'* v. *Chambers,* 30 Gratt. 202.) Appellants insist that benefit has accrued to the trust estate from their store accounts. As a matter of fact the record shows that the only improvements that have been made to the real estate by the trustee are a small brick kitchen and a small stable ; and that the trustee has never settled any account of the revenues derived from this real property for some fifteen years ; and that in 1867 he had in his hands, held under the will of Frederika Miller, $5,000 worth of personal property, held upon the same trusts as those of the deed conveying the real estate, not a dollar of which has he ever accounted for. The only equitable ground for allowing the appellants any claim for these improvements, such as they are, would be either that the trust owed William Lange, trustee, something on a settlement of his trust account, or that their identical money built these improvements, and was furnished by them for that purpose. Their accounts are general store accounts, and the record shows that William Lange, trustee, is largely indebted to the trusts. The very decree of which the appellants complain allowed them six months to amend their pleadings if they desired to charge that the trusts owed Lange anything, and they have neglected to do so. It is now too late to ask this court to reverse the decree of the court below on this ground.

We are of opinion that the decree of the circuit court of Fredericksburg, of which the appellants complain, is right, and must be affirmed.

DECREE AFFIRMED.