WOOLDRIDGE *et al.*

*v.*

GREEN *et al.*

*(Supreme Court of Appeals of Virginia, Jan. 21, 1897.)*

[26 S. E. Rep. 578.]

**Appeal—Decision—Second Appeal.**

In a suit on a note executed by a trustee of real and personal property, the appellate court reversed so much of the decree as directed payment of the debt from the personal property held in trust, but affirmed that part which ordered a sale of the crop for that purpose, and remanded the cause: *held*, that the failure to give plaintiff a decree subjecting the rental of the real estate to payment of his debt was an adjudication against such right, which would be adhered to on a second appeal upon a similar record.

Appeal from circuit court, Halifax county.

Bill by Wooldridge, Travers & Co. and others against W. E. Green, trustee, and others. A judgment for plaintiffs was reversed (see 16 S. E. 875), and the cause remanded. From a subsequent decree dismissing the bill, plaintiffs appeal.

*W. W. Henry*, for appellants.

*Wood Bouldin, Jr.*, for appellees.

KEITH, P., delivered the opinion of the court.

This case is a sequel to that of Green, Trustee, v. Wooldridge, Travers & Co., reported in 89 Va. 632, 16 S. E. 875. The suit was originally brought in the circuit court of Halifax county by Wooldridge, Travers & Co., to recover a sum of money

evidenced by a note given by William E. Green, trustee, the consideration of which was the price of fertilizers purchased by him. Green was the trustee, under the will of William B. Green, to hold certain property, real and personal, upon the the trusts declared in the will. In the suit such proceedings were had that a decree was rendered directing the debts to be paid out of the corpus of the personal property so held in trust. From that decree an appeal was taken, and this court, being of opinion that the decree of the circuit court of Halifax county was erroneous in appropriating the capital of the trust estate to satisfy the debts in question, reversed it, and, proceeding to enter such decree as in its judgment the circuit court should have rendered, "adjudged and ordered that so much of the said decree [appealed from] as directed the sale of the crops on the trust estate is affirmed, and so much of the said decree as directed the sale of the other personal property belonging to the trust estate, part of the capital thereof, is reversed and annulled; * * * and this cause is remanded to the circuit court of Halifax county for further proceedings to be had therein in order to a final decree in accordance with the foregoing opinion of this court and the views herein."

In the course of the opinion the following language is used:

"In this case the burden thus placed by the law upon the trustee is not borne; the necessity for the encroachment is not established. There is no evidence in the record showing, or tending to show, that the expenditure was either necessary or proper,—there is no effort made to show it,—while, on the contrary, it appears that the trustee had left his wife and children on their own land, where he did not reside with them, and was living apart from them on a place, alone; and there is no evidence to show that he contributed to their maintenance and support in any way whatever, or to any degree. He cultivated this estate, and used and occupied it, while his wife and children lived apart, and not with him, nor under his care and protection. It was not proved—and the court will not presume

without any evidence—that the necessities of the beneficiaries required that the capital of the estate should be encroached upon for their support and maintenance.

"The decree of the circuit court of Halifax county, directing a sale of the capital of the trust estate to satisfy the debts in question, was erroneous. The crops only should have been held so liable, and properly subjected to the satisfaction of the said debts."

The case went back to the circuit court, and that court was asked to rent out the real estate, and appropriate the rents and profits to the payment of the debt of the plaintiffs. In the meantime the trust created under the will had terminated, the trustee had died, the mother of the children had died, and the trust property had vested in the children absolutely.

This court had, upon the former appeal, determined the extent to which the crops could be subjected in satisfaction of the debts, upon the record as it then stood. It had determined that no case had as yet been made which would warrant an invasion of the capital of the trust estate with respect to the personalty, and what was there said as to personalty is equally true with respect to the realty. Having withdrawn from the pursuit of the creditors that portion of the trust estate which the circuit court had subjected to their demands, this court proceeded to render such a decree as the circuit court should have rendered, and remanded the cause for further proceedings to be had therein.

The case, as returned to us, is identical in all respects with the record heretofore passed upon in this court. No new evidence or fact is introduced, and the only difference between the record upon which we are now to pass and that acted upon by this court upon the former appeal is that the creditors asked that the real property might be rented out. If they are now entitled to that relief, they must have been equally so when the case was originally heard in the circuit court, and when the case was heard here upon the former appeal; and had this court

been of opinion that, upon the record as made, they were entitled to the rental of the real estate, it would, in depriving them of the right to subject the corpus of the personal estate, have given them a decree subjecting the rental of the real estate. This was not done. If the appellants were entitled to that relief, it should have been accorded to them, and the failure to do so is equivalent to an adjudication against their right.

It may have been the purpose of this court, in remanding the case instead of finally disposing of it, to enable the creditors to introduce additional evidence into the record. That view, however, is matter of conjecture. No such evidence was introduced, but the case is before us upon the same state of facts upon which this court has once before passed. We think this view is conclusive of the case, and renders unnecessary any further discussion of it.

The decree of the circuit court is affirmed.