Syllabus.

## Staunton,

### MARIE AND BERNICE POWERS, BY, ETC., V. D. H. HOWARD, TRUSTEES, ET AL.

September 22, 1921.

Absent, Burks, J.

1. BILL OF REVIEW—*Errors for Which Bill Will Lie—Errors of Law and Fact.*—A bill of review does not lie to review or correct errors of judgment in the determination of facts. If there be error in this particular, after a final decree, it can be corrected only by an appellate court. But if error of law be apparent from an inspection of the record in the cause, and a final decree has been entered, a proper case for a bill of review is *prima facie* presented.

2. BILL OF REVIEW—*What are Errors Apparent Upon the Face of the Record.*—Error apparent upon the face of the record is not restricted to error in the decree. To determine on bill of review whether or not error of law exists, the court will examine the bill and answer filed in the cause, all orders and decrees made and entered therein, and all other proceedings, to ascertain whether upon the whole case error of law has been committed.

3. BILL OF REVIEW—*What are Errors Apparent Upon the Face of the Record—Declaring Incompetent Witness Competent—Case at Bar.*—A deposition was excepted to on the ground that the witness making it was incapable of testifying, and the commissioner, without specifically passing upon the objection, plainly indicated that he gave no weight or effect to the deposition. The decree expressly mentioned the deposition and exception, and in terms clearly sustained the latter.

   *Held:* That this action clearly appeared upon the face of the record, and if it is error and material, it is not a conclusion of fact depending upon the evidence, but is an error of law, which may be taken advantage of by bill of review.

4. WITNESSES—*Competency—Husband and Wife—Sections 3346, 3346a, Code of 1904.*—In a suit to enforce liens against real

estate owned by a husband and wife, the wife was dead when the suit was brought. The husband testified that as to certain deeds of trust the wife was liable only as surety for her husband.

*Held:* That while this testimony of the husband might not be incompetent under section 3346, caluse 2, Code of 1904, since the husband and wife were parties of the same part, or on the same side of the contract represented by the deeds of trust, yet it was incompetent under section 3346a of the Code of 1904, providing that where one of the parties to a transaction is incompetent by reason of the death of the other party, the consort of the other party should be incompetent.

5. BILL OF REVIEW—*Certainty—Errors Relied Upon.*—A bill of review ought to specify with some degree of accuracy and definiteness the errors relied upon. Thus, where it nowhere appears that the action of the court relied upon as ground for the bill of review was excepted to, and there was nothing upon the face of the record to show that such action was erroneous, the bill cannot be entertained on that ground.

6. ASSIGNMENT OF ERRORS—*Appeal from Bill of Review—Matters Not Mentioned in the Bill.*—An assignment of error on an appeal from the dismissal of a bill of review, based on matter not in any way adverted to in the bill of review, is not good.

7. BILL OF REVIEW—*Reversal—Placing Parties in Statu Quo.*—Unless parties can be placed *in statu quo,* courts are properly reluctant to reverse decrees on bills of review unless the errors complained of are clear and have been specifically excepted to and pointed out in the original proceedings.

8. BILL OF REVIEW—*Infants—Grounds Upon Which Infants May Impeach Decrees.*—Section 6316 of the Code of 1919 extends the time in which infants may file a bill of review, but it does not authorize them to attack decrees as a general rule upon any grounds except those which would be available to other parties.

Appeal from a decree of the Circuit Court of Washington county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Oglesby & Burks,* for the appellants.

*Henry Roberts, Fulkerson & Davis, Peters, Lavinder & Peters,* and *Donald T. Stant,* for the appellees.

KELLY, P., delivered the opinion of the court.

In a lien creditors' suit, styled *N. P. Oglesby, Admr.*, v. *M. F. Powers, et al.*, formerly pending in the Corporation Court of the city of Bristol, and finally disposed of and dismissed from the docket of that court in April, 1909, certain real estate theretofore owned by M. F. Powers and Nora M. Powers, his wife, was sold to satisfy the liens thereon. Nora M. Powers was dead when the suit was brought, and her two surviving children, Marie and Bernice, both at that date under fourteen years of age, were made parties defendant and appeared by guardian *ad litem.*

In the summer of 1918, Marie and Bernice Powers, who had not as yet attained their majority, suing by their next friend, filed a bill of review seeking to have corrected in their favor certain errors alleged to be apparent on the face of the record. The defendants to this bill of review, composed chiefly of the several purchasers of the property sold in the original cause, demurred thereto, and the Circuit Court of Washington county, to which the cause had been duly removed, entered a decree sustaining the demurrer and dismissing the bill. From that decree this appeal was taken.

[1] The general rules and principles by which the courts are to determine whether a bill of review will lie in a given case for errors apparent on the face of the record are well settled. The law on the subject is stated by Mr. Lile in his Equity Pleading and Practice, section 142, as follows: "A bill of review does not lie to review or correct errors of judgment in the determination of *facts*. If there be error in this particular, after a final decree, it can be corrected only by an appellate court. But if error of *law* be apparent from an inspection of the record in the cause, and a final decree has been entered, a proper case for a bill of review is *prima facie* presented."

To the same effect is the opinion by Judge Christian in *Thompson* v. *Brooke,* 76 Va. 160, 163, wherein he says: "It is well settled that a bill of review can only be brought upon two grounds—first, upon newly discovered evidence; and, second, upon errors of law apparent upon the face of the record. * * * As to errors of law, they must be such as appear on the face of the decrees, orders and proceedings in the cause arising on facts either admitted in the pleadings or stated as facts in the decrees. Such errors of law, and such only, may be corrected by a bill of review. But if the errors complained of be errors of judgment in the determination of the facts, these can only be corrected by appeal."

[2] In 2 Beach on Modern Equity Procedure, section 857, the author says: "For the purpose of examining all errors of law, the bill, answers and other proceedings are, in this country, as much a part of the record before the court as the decree itself, for it is only by a comparison with the former that the correctness of the latter can be ascertained."

In 1 Hogg's Equity Procedure, section 211, page 272, it is said: "The meaning of the phrase, 'error apparent upon the face of the decree,' is not so restricted as the words would seem to imply. It embraces all that appears upon the face of the proceedings, including whatever was embodied in the issue. It really means error of law, disclosed by the record, as contradistinguished from a mistaken conception of fact as shown by the evidence in the cause. To determine on bill of review whether or not error of law exists, the court will examine the original bill, the answer filed in the cause, all orders and decrees made and entered therein, the commissioner's report so far as errors on the face thereof are concerned, and all the other proceedings, to ascertain whether, upon the whole case, error of law has been committed."

While there are occasional expressions on the subject in the decisions and the text-books which might seem to suggest a more restricted rule, the propositions asserted in the last two of the above quotations are generally recognized and fully supported by authority. *Cary* v. *Macon,* 4 Call. (8 Va.) 605; *Wroten* v. *Armat,* 31 Gratt. (72 Va.) 228, 260; *Rawlings* v. *Rawlings,* 75 Va. 76, 88-9; *Pracht & Co.* v. *Lange,* 81 Va. 711, 721; *Dangerfield* v. *Smith,* 83 Va. 81, 93, 1 S. E. 599; *Gills* v. *Gills,* 126 Va. 526, 543, 101 S. E. 900, 491; *Bank* v. *Shirley,* 26 W. Va. 563; *Whiting* v. *Bank,* 13 Pet. 6, 10 L. Ed. 33, 37; *Putnam* v. *Day,* 22 Wall. 60, 22 L. Ed. 764, 765; Story's Eq. Pl., sec. 407.

[3] The first alleged error apparent on the face of the record is that the court, in the original proceedings, held M. F. Powers to be an incompetent witness, on the ground that the previous death of his wife, Nora M. Powers, rendered him incapable of testifying. Counsel for appellees contend that even if this ruling of the court was an error, and material, it did not "appear upon the face of the record" in such way as to be reached by bill of review. We do not take this view of the question. The deposition of Powers was taken before the commissioner appointed to report on liens and their priority, and was excepted to on the ground above indicated; and the commissioner, without specifically passing upon the objection, but plainly indicating that he gave no weight or effect to the deposition, made up his report, and along therewith returned the deposition, referring the objection to the court for action. The decree expressly mentioned the deposition and exception, and in terms sustained the latter. This action clearly appears upon the face of the record, and if it is error and material, it is not a conclusion of fact depending upon the evidence, but is an error of law, which, under the above authorities, may be taken advantage of by bill of review.

[4] Upon the merits of the question, however, we are of

opinion that there was no error in the ruling of the court as to the competency of M. F. Powers as a witness. The material facts in this connection are as follows: Among the liens sought to be enforced in the original suit were two deeds of trust and three judgments, in respect to which it appeared from the records that M. F. Powers and Nora Powers, his wife, were jointly liable as principal debtors. The purpose of the Powers deposition was to prove that as to these deeds Mrs. Powers was liable only as surety for her husband. The property of both was heavily encumbered, but it is claimed that a substantial part of the real estate owned by Mrs. Powers, mother of the appellants, would not have been reached and subjected to sale if she had been treated as a surety of, instead of as a principal with, her husband. Assuming that this latter proposition would have been true, namely: That the M. F. Powers property would, if first exhausted in satisfaction of the liens against him and his wife, have prevented the sale of a substantial part of her property, was he a competent witness to prove the essential fact of her relationship as his surety? We think not. The entire discussion of this point upon the part of counsel for appellants is addressed to the provisions of section 3346, clause 2, Code 1904, upon the apparent assumption that the court held M. F. Powers to be an incompetent witness under that section. In answer to this assumed ground of the decision by the lower court, it is argued: (a) That since Powers and his wife were parties of the same part, or on the same side of the contract represented by the deeds of trust, he was not incompetent under the terms of the statute; and (b) that "he was not testifying in his own favor or in favor of any other persons whose interest was adverse to that of the party who was incapable of testifying," and was, therefore, not within the interdiction of the statute. The soundness of this argument may be conceded, but the court probably based its con-

clusion, not upon section 3346, clause 2, but upon section 3346a, which contains the following disqualification:

"Where one of the original parties to a contract, matter or other transaction which is the subject of investigation is incapable of testifying by reason of death, insanity, infancy or other legal cause, and the other party to such contract, matter or transaction is incompetent to testify by subsection 2 of section 3346 of the Code of Virginia, then, in such cases, the consort of either party shall be incompetent to testify in relation to such contract, matter or transaction," etc.

In this case, as correctly stated in the petition for appeal, and as pointed out and insisted upon by counsel for appellees, "the parties to these two contracts were M. F. Powers and Nora M. Powers, his wife, of the one part, and Kirkpatrick & Howard, trustees, and H. G. Peters, trustee, of the other part." The contractual relationship of Mrs. Powers was the subject matter of the investigation, so far as the exception here under consideration was concerned. Nora M. Powers was dead at the time the deposition of M. F. Powers was offered and objected to on that ground. In this situation, all three of the trustees were incompetent to testify by virtue of the provisions of section 3346, clause 2, and the result was that by the terms of section 3346a, just quoted, when Powers was called on as the consort of Nora M. Powers, deceased, he was clearly incompetent as a witness.

[5] The second ground upon which the bill of review sought to have the decree of sale in the original cause reversed was stated thus: "It was error to cancel the sale to H. G. Peters of the James W. Jefferson property." This is the only allegation in the bill with reference to the Jefferson property. It is probable that the validity of this complaint depended upon the competency of M. F. Powers, and that the adverse decision upon that point renders any further dis-

cussion of this alleged error immaterial, but we need not rest our decision of the question upon that ground. The decree confirming the sale of the various properties in the original cause contained this statement: "As to the lot reported as sold to H. G. Peters at the purchase price of $305, being the J. W. Jefferson lot, it appearing that the proceeds from the sale of the other property was sufficient to satisfy all liens in these proceedings reported prior to the conveyance by M. F. Powers to J. W. Jefferson, this sale to the said H. G. Peters is annulled and set aside." It might be possible to go through the record in the original cause and find out all about the Jefferson property, but it is not deemed necessary or proper to undertake this task. A bill of review ought to specify with some degree of accuracy and definiteness the errors relied upon. It nowhere appears that the action of the court in this respect was excepted to, and there is nothing, so far as we observe, upon the face of the record to show that such action was erroneous. No error having been pointed out in the bill of review, we dismiss this point from further consideration.

The two alleged errors already discussed are the only ones which were directly alleged in the bill of review. There is a statement in the bill "that the rents and profits of the real estate of Nora M. Powers was ample to pay within five years" the amount, if any, for which she was liable. And, while there is no direct charge to that effect, it is possible to interpret the reference to the rents and profits as an allegation that the court ought to have had an account taken and a report made thereon, and that its failure to do so was error. As a matter of fact, however, there was a report as to the rental value of all the properties in the original suit, and the point here made was not raised there at all. Its efficacy, in any event, depends upon the deposition of Powers, which we have held was properly excluded.

[6] It is claimed in the petition for appeal that the court

erred in the original case in not selling certain property, of the estimated value of $250, referred to as the James C. Powers property. As this matter is not even mentioned in the bill of review, the assignment of error based thereon is not good, and we need not consider it further.

It is also said in the petition for appeal that the court erred in the original cause in allowing five per cent commission to the commissioner, or trustee, who sold the property; but, like the matter referred to in the last paragraph, this error was not in any way adverted to in the bill of review, and must be disregarded here.

[7] The numerous properties involved in this case were sold to sundry purchasers in February, 1909, for a total price of $14,885, the money was all paid in cash, and the sales to the various purchasers confirmed in April, 1909. Since that time there have been various changes in the ownership. It is practically certain that if the decree complained of should be reversed, the court could not put the other parties *in statu quo*. Under these circumstances, the courts are properly reluctant to undertake to grant relief unless the errors complained of are clear and have been specifically excepted to and pointed out in the original proceedings. *Phipps* v. *Wise Hotel Co.*, 116 Va. 739, 82 S. E. 681.

[8] It is true that the appellants are infants, but as a general rule in cases like this they can only impeach the decrees complained of on grounds which would be available for that purpose to an adult. The statute, section 6316 of the Code of 1919, section 3335, Code 1904, extends the time within which infants may file a bill of review, but it does not authorize them to attack decrees as a general rule upon any grounds except those which would be available to other parties. *Zircle* v. *McCue*, 26 Gratt. (67 Va.) 517, 528.

Upon the whole case, we are of opinion that the circuit court was right in sustaining the demurrer to the bill of review, and its decree will be affirmed.

*Affirmed.*