## CIRCUIT COURT OF FREDERICK COUNTY

Thelma Greeley Kettler

v.

Minnie Greeley et al.

February 12, 1973

BY JUDGE ROBERT K. WOLTZ

The complainant, Thelma, and her brother, Merritt, qualified as co-committees on the estate of their mother, Minnie, as incompetent. On Merritt's death, Thelma filed her bill of complaint against his executors, the incompetent, and against the corporate surety on the fiduciary bond of the co-committees to determine the true status and ownership of certain bank accounts and common stock held jointly in the name of the incompetent and one or the other of the two children. She claimed that certain of these items held in the name of Merritt and the incompetent were with right of survivorship and hence on his death became the sole property of the incompetent. Among other relief she prayed that the corporate surety reimburse any shortage which might arise as a result of the suit in the committee account.

The surety not only answered but filed a "counterclaim" against Thelma and a "cross-claim" against Merritt's executors. The burden of these claims was that the co-committees as principals on the fiduciary bond for the incompetent's estate were bound by a provision of the bond whereby the principals agreed to save the surety harmless from loss, costs, damages, counsel fees and expenses incurred by it by reason of executing the bond. Each of these pleadings moved for judgment for loss and expenses which might be incurred in the pending proceeding.

The cross-claim was answered by the executors, and the counterclaim was answered by Thelma, who also demurred to it and moved

to strike it, which demurrer and motion were overruled. A decree was entered adjudicating the principles regarding the estates created in the bank accounts and stock and the ownership thereof.

The decree was appealed and remanded to this court for entry of decree in conformance with the opinion of the Supreme Court. Thereafter, by decree, this court complied with the mandate. Subsequently, on settlement of the accounts of the incompetent's estate and the disbursements of all funds therefrom, a decree was entered confirming the accounts adjudging that the surety be discharged from further obligation on the bond and concluded: "And nothing remaining to be done in this cause, it is ordered that the same be stricken from the docket and the papers herein be placed among the causes ended of the court properly indexed." Since the entry of the order overruling the demurrer and motion to strike mentioned above, none of the orders had taken note of the counterclaim and cross-claim of the surety, and the decree striking from the docket took no cognizance of them. This last decree was endorsed by counsel for all parties and no exceptions thereto were taken.

Approximately two and one-half months later, the surety filed a motion that an order be entered restoring the cause to the active docket and that the court proceed to hear and resolve the cross-claim and the counterclaim as they had not been adjudicated. By order at that time, the defendants to the counterclaim and cross-claim were given opportunity to reply which the executors did by a special plea and a motion to strike and Thelma by a demurrer.

The executors asserted estoppel alleging the surety was on notice of the final distribution of Merritt's estate and settlement and approval of their accounts, asserted the motion to restore was not timely filed, that the motion was in the nature of a bill of review and there were no errors on the face of the record and no after-discovered evidence, and further asserted laches and that a bill of review would not lie for negligence, inadvertence, and the like. Thelma's demurrer set out that the decree became final twenty-one days from its entry and was no longer subject to modification or vacation and that there were no allegations of error of law apparent on the face of the record. Subsequently, on argument, the surety asserted that either the decree was not final, or if final, was one to which a bill of review would lie

and that its motion should be treated as in the nature of a bill of review.

Insofar as the responsive pleadings to the motion assert that the decree dismissing the cause from the docket was a final decree, they are sustained. In *Battaile v. Maryland Hospital*, 76 Va. 63 (1881), the trial court entered a decree confirming a commissioner's report, ordering sums to be paid out by him and struck the cause from the docket, though nothing had been done with regard to sale of a certain interest in one of the parcels of realty involved. Two years later without notice to any party, an order was entered on motion reinstating the cause "erroneously" stricken from the docket. At page 69, the court says the direction to strike from the docket means "that in the opinion of the court, the cause is ended — that no further action *in the cause* is necessary. That is the established definition of a final decree. The direction can mean nothing else. It is, and in the nature of things must be, an adjudication that everything has been done in the cause that the court intends to do, and hence, there is no longer any necessity of retaining it on the docket. The unconditional order striking from the docket, appended to such a decree, absolutely and unequivocally imports judicial determination and final disposition of the pending cause. The decree may be erroneous, but the error does not render it less final. The court, by its order, has put the cause beyond its control, and it cannot, upon discovery of the error, recall it in a summary way and resume a jurisdiction which has been exhausted." *See also, Rinehart Co. v. Dennis*, 123 Va. 556 (1918), and *Home Building Co. v. London*, 98 Va. 152 (1900).

The decree complained of, not having been modified or vacated within the twenty-one days after the date of its entry (Rule 1:1, formerly Rule 2:22), has now become final.[2] In such a case, the only remedies are either appeal and the period for appeal has expired, or by bill of review in the court rendering the final decree. *Battaile v. Maryland Hospital, supra.*

The motion of the surety to restore to the active docket was filed within six months of the final decree as required by the statute, which also requires that it be filed only with leave of court (which

---

[2] The issue whether the decree involved is appealable as an interlocutory one which adjudicates the principles of a cause, as discussed in Southwest Virginia Hospitals v. Lipps, 193 Va. 191 (1951), is not pertinent to the present inquiry.

was not done in this case) "unless it be for error of law apparent on the face of the record." The office of a bill of review is to obtain a re-examination by a trial court of its previous *final* decree for the purpose of having the decree reversed, nullified or modified. *Rice v. Products Co.*, 199 Va. 380 (1957). Such relief is obviously extreme and radical in nature and so not lightly to be granted. Hence, the grounds upon which such a bill may be entertained are quite limited: First, for errors of law apparent on the face of the decree; and second, newly-discovered evidence. *Rice v. Products Co., supra,* and *Gills v. Gills*, 126 Va. 526 (1920). The latter ground is not in issue in this case.

The question arises whether the motion filed by the surety is of such a nature as to constitute a bill of review or a pleading in the nature of a bill of review. The motion sets out the counterclaim and the cross-claim were filed and that the case was removed from the docket on the determination of the case in chief but without adjudication as to the cross and counterclaims and as a consequence moves for restoration to the active docket. A more formal and extensive pleading denominated as a bill of review could in essence do little more. In *Gills, supra,* petitions were filed to rehear and vacate a decree and to remand to a commissioner to restate and resettle accounts. The court, at page 543, said "Our practice is rightly liberal as touching mere forms of pleading, however, and we have no difficulty in regarding the petitions as bills of review." This court likewise on the same principle regards the surety's motion as a bill of review.

Errors of law apparent on the face of the decree does not literally restrict inquiry to the four corners of the decree itself. The true import of the decree can only be arrived at by a consideration of the pleadings and other proceedings which resulted in it. As a consequence to determine whether there is error of law reachable by bill of review, the pleadings and all previous orders and decrees along with the final decree constitute the record which will be searched. *Powers v. Howard*, 131 Va. 275 (1921). The errors must be errors of law and not "errors of judgment" in the determination of facts, which can be reached only by appeal. The error must not be dependent on extrinsic evidence, and the court may not deal with sufficiency or insufficiency of evidence or fact statement set forth in the decree. *Stamps v. Williamson*, 190 Va. 145 (1949); *Gills v. Gills, supra.*

The motion in this case, being treated as a bill of review, is not dependent on extrinsic evidence, nor does it allege "a mistaken con-

ception of fact as shown by the evidence." *Powers v. Howard, supra.* The record discloses a counterclaim and a cross-claim, and, from a full inspection of the other pleadings and all the orders and decrees in the case, it is apparent on that record that those claims have not been considered, decided or disposed of, despite the finding of the final decree on that record that nothing remained to be done in the cause. This was not an error relating to sufficiency or insufficiency of evidence, or a mistaken conception of fact at variance with the evidence, or an error of judgment by the court in the determination of facts, nor is the error in any way dependent on extrinsic evidence. The record discloses an error on the face of the decree, and it was an error of law not of fact.

In *Battaile, supra,* where the cause was stricken without disposing of all matters in issue, the court said at page 70, "The party aggrieved is by no means without remedy. The law points it out. It is plain and well understood. The error being one of law and apparent on the face of the decree, it may be corrected by bill of review or appeal." The opinion spoke of the error as being "so obvious," although relief was not granted in that case as the pleading filed for other reasons set forth in the opinion could not be considered as bills of review. But the case does say that a cause stricken from the docket by final decree where the issues of the cause had not been fully disposed of is an obvious error which may be corrected by bill of review.

Counsel for the surety did not except to the striking of the cause and endorsed the decree doing so. In *Prince v. McLemore,* 108 Va. 269 (1908), a decree was entered in three consolidated equity cases, stating that all the matters in the causes had "been settled between the parties . . . and by consent of the said parties . . . it is ordered that such settlement between the parties be made final and conclusive of all matters raised by the pleadings, and these causes are removed from the docket." The decree was held to be a consent decree on its face, and "to grant relief against a consent decree for error is a contradiction in terms. There can be no error in a consent decree, for consent cures all error."

Rule 2:18, now Rule 1:13, requires that decrees be endorsed by counsel of record or notice of presentation for entry be given in lieu thereof. Even though a decree be not excepted to, if for some reason counsel refused to endorse it, and in response to notice of presenta-

tion for entry made no appearance at that time, a decree entered under such circumstances could hardly be called a consent decree. A mere default in taking exception coupled with counsel's endorsement of the decree which under the Rule would merely evidence the fact that counsel had due notice thereof and does not convert an ordinary decree into one of consent. To be such, the decree, as in *Prince,* must contain something on its face which shows affirmatively that it was by consent. No such affirmative showing appears from the face of this decree and so the error complained of is not cured by the concept of consent.

Ordinarily mistake, negligence or inadvertence are not such things for which a bill of review will lie. Whatever may have been the mistake, negligence or inadvertence of counsel for the surety in allowing this cause to be dismissed, such action or inaction on his part is not the kind of which cases speak when denying a bill of review grounded on that basis. For an error "so obvious," a bill of review lies. *Battaile v. Maryland Hospital, supra.*

The error is one of law, it is apparent on the face of the record, relief has been timely requested by form of pleading which with liberality may be considered in the nature of a bill of review, and finally, being for error of law apparent on the face of the record, no leave of court was necessary for its filing, Code § 8–613.

The final decree of October 19, 1971, is vacated insofar as it struck the cause from the docket and placed it among causes ended, and the cause is restored to the active docket for the sole purpose of determining the unresolved issues raised by the counterclaim and cross-claim.