VAN VLEET        *Nelson*, for the plaintiffs.
v.
ADAIR.           *Howk*, *Dewey*, and *Farnham*, for the defendants.

---

## VAN VLEET, Administrator, *v.* ADAIR.

Covenant on an obligation for the payment of a certain sum, one half in spe-
cie, and the other in bankable paper. Judgment on demurrer for the plain-
tiff. *Held*, that the damages should be assessed by a jury, not by the Court.
*Held*, also, that the value of the bankable paper at the time it was to be
paid, is the measure of damages for its non-payment.

Saturday,    ERROR to the *Fayette* Circuit Court.—In this case *Adair*
May 7.       was the plaintiff below, and *Van Vleet*, administrator of *Scott*,
the defendant. ·

BLACKFORD, J.—By the obligation upon which this action of
covenant was founded, the obligor promised the obligee to pay
him a certain sum, one half in specie, and the other in bank-
able paper. On demurrer to three frivolous pleas filed, judg-
ment was rendered for the plaintiff, and the damages were as-
sessed by the Court without a jury of inquiry.

This case is different from that of *Mettler & Smith* v. *Moore*,
decided at this term. There the obligation was for the pay-
ment of a certain sum in whiskey; here, for the payment of a
certain sum in bankable paper. In the former, whiskey was
to be delivered to the value of the sum mentioned; in the latter,
bankable paper, not to the value of the sum mentioned, but,
counting the face of the bank notes, that sum in dollars. In the
former, the plaintiff was entitled at least to the amount stated in
the obligation; in the latter, as respects the part to be paid in
paper, only to the value of bankable notes, counting on their
face the sum in the obligation mentioned, which value might be
considerably less than the nominal amount. In this case a jury

was necessary to assess the value of the bankable paper, at the time fixed by the contract for its delivery (1).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the judgment on demurrer are set aside, with costs. Cause remanded, &c.

*Smith,* for the plaintiff.

*Rariden,* for the defendant.

(1) As to when a jury must assess the damages, and where the Court may do so, vide *Clark* v. *Goodwin,* ante, p. 74.—*Tannehill* v. *Thomas,* ante, p. 144 and note.—*Wood* v. *Lemon,* ante, p. 198.—*Hedges* v. *Gray,* ante, p. 216.—*Duerson* v. *Bellows,* ante, p. 217.—*Wilson* v. *Hickson,* ante, p. 230.—*Osborne* v. *Fulton,* ante, p. 233.—*Harper* v. *Levy,* ante, p. 294.—*Coldren* v. *Miller,* ante, p. 296.— *Mettler* v. *Moore,* cited in the text, ante, p. 342.