Spring Term
1839.

## Aldrich *vs.* Wallace &c.

MOTION.

[Mr. Hewitt and Mr. Wheatley for plaintiff: Mr. J. T. Morehead and Messrs. Fry and Page for defendants.]

FROM THE CIRCUIT COURT FOR JEFFERSON COUNTY.

Judge EWING delivered the Opinion of the Court.

*June* 17.

ALDRICH and one SPENCER, being in embarrassed circumstances, purchased groceries on credit, and entered into partnership in a grocery store in Louisville; by the terms of which, Aldrich was entitled to an interest of three fourths, and Spencer of one fourth.

An execution issued against Aldrich, for his separate debt, in favor of Wallace, and was placed in the hands of Cocke, the sheriff, and levied on the interest of Aldrich in the store. At the same time an execution was issued against Spencer, for his separate debt, in favor of Bernard & Co. was placed in the hands of the same officer, and levied upon his (Spencer's) interest in the store.

The sheriff, at the same time, made sale of the articles of groceries, they being sugars, liquors and the like, under both executions, selling the undivided three fourths of each article under Aldrich's execution, and the undivided one fourth under Spencer's and applying the proceeds accordingly.

Aldrich moved the Court to set aside the sale, making Wallace, the sheriff, and the purchasers at the sale under his execution, parties. The Circuit Court overruled the motion, and he has brought the case to this Court.

It is well settled, by numerous decisions, that the undivided interest of one partner in a partnership concern, may be taken and sold under execution, for his separate debt. So numerous have been the decisions upon this point, that we will not stop to make a parade of authorities on the subject. If this could not be done, it would only be necessary for individuals to invest their means

An ex'on against one of several partners, may be levied upon his interest in the partnership property; and, if the property consists of divers articles, the debtors interest in *the whole* should not be sold *in gross,* but the articles should be taken separately, and his undivided interest in each one should be sold by itself—unless the peculiar character of the articles would make it improper to separate them: the sale should be conducted just as it would be, if the debtor was sole owner of the property levied on.

But *query*—whether the officer making the sale may deliver the articles sold to the purchaser.—If he cannot, still an unlawful *delivery* would not affect a *legal sale*; nor be ground for quashing it.

Spring Term
1839.

*Aldrich*
vs
*Wallace &c.*

in a partnership concern, to place them beyond the control of an ordinary execution, for their separate debts.

If the levy and sale was authorized by law, we cannot perceive how the plaintiff, in the motion, has been prejudiced by the levy and sale in this case. If a less interest was sold than he is entitled to, his remaining interest, if any, is not affected by the sale. And if it were conceded that the possession of the articles sold, were improperly delivered to the purchasers, which is not necessary to be determined on this motion, that act cannot have the retroactive effect of vitiating the sale, if that was legal. Besides: the articles of co-partnership, show that, he was entitled to an undivided interest of three fourths, and that interest was sold, and the proceeds applied to the execution against him. If he had any greater interest than three fourths, it has not been shown in this record, and if there be any equitable lien in his favor, which could increase or diminish his *apparent* interest, that has not been shown. It is not necessary, therefore, to determine, if it were shown, whether it could have any, and if any, what effect on the sale.

Nor can we perceive that the plaintiff has been prejudiced by the sale in parcels. The articles sold were divisible, and might be separated and alloted to the purchasers without injury to the sale of the residue. And, in the sale of a sole and separate estate, it has been frequently settled by this Court, that it was improper to sell several articles of property, in gross, as tending to restrict competition in bidding, and produce a sacrifice. The same objection would in the general lie, to a sale in gross of an undivided interest.

We therefore, take it that when the authorities speak of the sale under execution of the undivided interest in the partnership effects, that they do not mean or intend the *whole* interest of the partner in the *firm*, but only his interest in the articles or effects levied on, and those articles are sold, or rather the undivided interest of the debtor partner in them, in the same manner and form, and subject to the same general rules, which govern sales under execution of the sole and separate estate.

There might be cases in which it would be most proper, to sell in gross, or several articles together, or the interest of the partner in them, or perhaps in the whole firm. But in the general it would certainly tend to induce competition, and to enhance the price of the articles sold, to sell in parcels.

A partnership might embrace several stores located at different and remote points. A levy on the articles of one store, would surely not authorize a sale of the articles or *whole* interest, in the other stores, not seen or touched by the officer, nor exhibited to or seen by the bidders. Such a practice would lead to mischievous consequences not to be tolerated.

I We can therefore, perceive no irregularity in the sale, to the prejudice of the plaintiff, or error in the judgment of the Circuit Court in overruling the motion; wherefore it is affirmed with costs.