# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

KERN, BARR & CO. v. C. A. WYATT & CO.

A. H. GRIFFITH'S SONS v. SAME.

April 20th, 1893.

1. ATTACHMENT—*Non-residents—Abatement.*—Where, in attachment as against property of non-resident debtors, who had not been served with process, personally or by publication, complainants consented to the hearing of a motion by claimant of the property to abate the attachment—

HELD:

 A decree abating the attachment, and declaring the estate not to belong to the said debtors, was not premature or erroneous.

2. CHANCERY PRACTICE—*Replications—Depositions.*—Where both parties have taken depositions, a decree will not be reversed on the ground that there was no replication to the answer.

3. IDEM—*Error of fact.*—Error in deciding the ownership of attached property is one of fact, and can be corrected only by appeal, and not by bill of review.

4. IDEM—*Retention of cause.*—Where, in such case as the above, the court abated the attachment because the property was not owned by the non-resident firm, the decree ends the cause, which will not be retained to inquire whether one of said firm had an attachable interest in the property.

5. BILL OF REVIEW—*Newly-discovered evidence.*—A bill of review must be supported by affidavit that the evidence is not only new, but could not have been obtained by reasonable diligence before the hearing; and the complainant must file the affidavit of the witness to the newly-discovered evidence, and not merely his own.

6. IDEM—*Impeachment of witnesses.*—Such evidence, merely confirming facts already proved, or tending merely to discredit witnesses already examined, is no ground for bill of review.

Appeal from two decrees of circuit court of Frederick county, rendered, respectively, on the 15th of March, 1889,

and on the 14th of March, 1890, in two suits by attachments in chancery, wherein the appellants, Kern, Barr & Co. and A. H. Griffith's Sons, respectively, were plaintiffs, and C. A. Wyatt and H. G. Newhall, partners doing business in the name of C. A. Wyatt & Co., and Thomas L. Dunn were defendants.

The facts of these cases, which were heard together, are as follows : On the 16th day of February, 1889, the attachments were sued out against C. A. Wyatt & Co. as non-resident debtors having estate or debts due them in said county, and were levied on the machinery and goods and material at what were known as the " Brucetown Woolen Mills," and were served on the defendant, Thomas L. Dunn, as having effects of, and debts due and to become due to, the non-resident defendants, and he was summoned to appear as garnishee at the first day of the then next March term of said circuit court.    And at that term one W. H. Crawford, under § 2984, Code 1887, filed his petition in the said causes, setting forth that he and said C. A. Wyatt, under the firm-name of the "Brucetown Woolen Co.," were engaged in carrying on there the manufacture and sale of goods, and that no other person or persons had any interest in the enterprise, or in the attached machinery and property, and praying that the attachments be abated and the property released.

The garnishee, Dunn, filed his answers, respectively, to the plaintiffs' bills, in which he denied that the firm of the defendants, C. A. Wyatt & Co., had any connection with or interest in the Brucetown Woolen Mills, or in any of the attached property, and denied that he has ever had any property of said firm in his possession, and alleging that C. A. Wyatt & Co., consisting of C. A. Wyatt and H. G. Newhall, were commission merchants in the city of New York, and that C. A. Wyatt and W. H. Crawford, a firm under the style of the " Brucetown Woolen Co.," owned the business and

property, and the goods manufactured, at the said woolen mills.

It does not appear from the record that process by order of publication issued, or that there was personal service of process as to the non-resident defendants. In fact, neither of the bills asks for an order of publication as to said non-resident defendants.

But the first of the decrees appealed from—that rendered on the 15th of March, 1889—says: "By consent of parties, by their counsel, these causes are heard together, on the motion of Thomas L. Dunn to abate the attachments sued out in the respective causes. On motion of W. H. Crawford, leave was given him to file his petition in these causes, and the same was accordingly filed in open court March 2d, 1889; and neither party requiring a jury, the two causes came on to be heard on this 15th of March, 1889, on the motion of Thomas L. Dunn, one of the defendants, and a garnishee summoned in the causes, to abate each of said attachments, on the grounds that said attachments were not made returnable as required by the statute, and that they were issued on false suggestions, and without probable cause; and on the petition of W. H. Crawford, and on the answer of T. L. Dunn, the garnishee, and on the depositions taken by the parties, respectively, and returned in the causes. On consideration whereof, the court, being of opinion that the partnership of C. A. Wyatt & Co. does not appear to have any estate or debts due to it in the county of Frederick, or to have had any such at the date of said attachments, or any interest in or claim upon the property held by the "Brucetown Woolen Co.," at Brucetown, in said county, doth abate the attachment in each of said causes; and that said T. L. Dunn recover of the complainants his costs, and that the sheriff doth restore the attached property to the "Brucetown Woolen Co.," &c.

At the November term, 1889, of said court, the appellants .
here (complainants below) exhibited their bill of review, and
asked leave to file the same, to have reviewed the said decree
of March 15th, 1889, on the grounds both of errors alleged
to be patent on its face, and of such after-discovered evidence
as should induce the court to reverse said decree.   The court
took time to consider; but by its decree of March 14th, 1890,
denied the application to file said bill of review.   And the
case is here on appeal.

*John E. Roller*, for appellants.

*Holmes Conrad*, for appellees.

RICHARDSON, J., (after stating the case,) delivered the
opinion of the court.  ·

The alleged errors set forth in the bill of review are the
same as those presented in the petition for appeal.

I. The first assignment of error is that no decree should
have been entered until process, personal or by publication,
had been executed against the non-resident defendants, C. A.
Wyatt and H. G. Newhall, partners as aforesaid.   Unless the
decree itself aggrieved the appellants, we fail to perceive how
its rendition before an opportunity was afforded their debtors,
the non-resident defendants, to contest their claims, could be
prejudicial to them; and especially as the appellants (plain-
tiffs below) asked for no order of publication against said
non-resident defendants, and they were never personally
served with process, nor appeared in any way.   The non-
resident debtors themselves make no complaint against the
decree.   Besides, the appellants are estopped, it would seem,
from insisting on this as a ground of error, by reason of the
fact that it appears by the decree itself that the hearing of

the causes, on the motion of Thomas L. Dunn to abate the attachments, was had by their own consent, as was also the claim of the "Brucetown Woolen Co.," set up by the petition of W. H. Crawford, to the attached property.

Dunn, the garnishee, was entitled, under § 2980, Code 1887, to make defense to such attachments, though the attachments should not, by reason of his defense, be discharged, or the property levied on be released. And the court is required by § 2984 of the Code to inquire into any claim to the property attached as the defendants' estate, that is stated in the petition filed by any person, and make such order as may be necessary to protect the petitioner's rights.

And, moreover, it may be asked, what reason is there why the non-resident defendants should be specially notified of the petitioner's claim? The plaintiffs have levied their attachments on the property as the estate of the defendants. The defendants have not claimed it as their property, and *non constat* they will ever claim it.

II. The second assignment of error is that the decree of March, 1889, was erroneous, because it did not state that the causes were heard upon replication to the answers. A replication is immaterial when both parties, as in the present case, take depositions. Code, § 3450, declares that "no decree shall be reversed for want of replication to the answer, where the defendant has taken depositions as if there had been a replication," &c. See, also, *Simmons* v. *Simmons*, 33 Gratt. 459.

III. It is assigned for error that the causes should not have been heard on the petition of W. H. Crawford, as no one was made a party thereto, or were summoned or appeared in any way to the petition, and that no issue was made as to any statements therein, the petition not having been filed until after the March term, 1889, had commenced, and there being no evidence to support it.

This objection is similar to the first, which has been fully considered. Suffice it to say that if the consent to the hearing of the causes on the petition of Crawford, as well as on the motion and answer of Dunn, was not intended as embracing all the parties before the court, as it would seem to have been, it certainly did embrace the appellants, and they cannot be heard now and here to complain of the hearing as premature. They alone had asserted that the property at the Brucetown Woolen Mills was the estate of the firm of C. A. Wyatt & Co., and had caused it to be levied on as their estate. When the petition was filed, denying the assertion, and claiming the property as the estate of the "Brucetown Woolen Company," the only parties to the issue thus made were Crawford, the representative of said company, and the appellants—all of whom were before the court. Of course, there could not be, and there was not, any personal decree against the non-resident defendants, who did not appear, and against whom there was no citation according to law; and, at most, there could only have been a judgment *in rem* against the attached estate. There was, however, not even that, because it appeared to the court that the firm of C. A. Wyatt & Co. had no effects in said county. We repeat, however, that the firm of C. A. Wyatt & Co. had never claimed the property as its estate. The court, upon evidence before it, held that the property was not the estate of that firm, and abated the attachments. As the attachments were grounded upon the affidavits that the debtors were non-residents, owning property in Frederick county, it is difficult to perceive how the court could have done otherwise, after becoming satisfied, from the evidence before it, that the debtors owned no such property.

But even if the court did err in holding that the firm of C. A. Wyatt & Co. did not own any property in Frederick county at the date of the attachment and the levy thereof,

the error was not *one of law* apparent on the face of the decree, which was, unquestionably, a final decree. The error, if any, was an error on the determination of facts, and cannot be the subject of a bill of review, and can only be corrected upon appeal; and, the decree having been rendered more than a year before the presentation of the petition for appeal, such error, if any there be, cannot be considered here. *Rawlings* v. *Rawlings*, 75 Va. 88.

No question is raised here as to the effect of the decree upon the question of the ownership of the attached property as between C. A. Wyatt & Co. and the Brucetown Woolen Company, and as to it we refrain from expressing any opinion.

IV. It is objected that the court below erred in abating the attachments, whether the attached property was the estate of the firm of C. A. Wyatt & Co. or not, as it was proved and admitted that C. A. Wyatt, one of the joint and several debtors, had, on the day of the levy, an interest in the attached estate, and that said interest was liable to attachment for a debt for which he was bound.

This objection is much more formidable than the others, which, it has been shown, are wholly without merit, and would ordinarily prevail; though, in the circumstances of this case, it must fail. By § 2967, Code 1887, it is provided that "every attachment * * * may be levied on any estate, real or personal, of the defendant, or so much thereof as is sufficient to pay the amount for which it issues," &c.

It is unquestionably true that under this statute a private creditor of one member of a firm may ordinarily attach the interest of the debtor partner in the partnership. 2 Barton's Law Pr., §§ 200 and 234; Parsons on Partnership, pp. 350, 357–'8.

Partners are severally as well as jointly bound on a partnership debt; and the interest of one partner in social assets may

be levied on and sold under execution or attachment for a
debt due by him to an individual creditor. *Hershfield* v.
*Claflin*, 25 Kansas 166 ; 37 Am. R. 237 ; *Aldrich* v. *Wallace*,
8 Dana 287 ; 33 Am. Dec. 495 ; *Claggett* v. *Kilbourne*, 1 Black.
346, and numerous other cases that might be cited. But it is
useless to discuss this doctrine in all its bearings, as it can
avail nothing in the present case.

The bills in these causes were filed on the 16th of February,
1889. The depositions on behalf of the defendant, Dunn,
were all taken, returned, and filed as early as the 1st of March,
1889. The decree in question was not entered until the 15th
of March, 1889; and at the hearing, which was by consent of
all parties, no motion was made by the plaintiffs (appellants
here) for a continuance of the causes ; so that, at the hearing,
when the decree in question was pronounced, these causes
stood upon the attachments alone. No *subpœnas* or order of
publication having been executed, or even issued as to the
non-resident defendants, Wyatt and Newhall, the partners
composing the firm of C. A. Wyatt & Co., there was no suit
pending against them. In this peculiar state of things, the
court found the attachments without any pending causes, as
to C. A. Wyatt & Co., to which the attachments were ancil-
lary. It found the proofs all in and fully sustaining the
motion to abate the attachments. And in these circumstances
the court found the plaintiffs consenting to the hearing, and
invoking its judgment as to the validity of their attachments.
We know of no ground upon which the court could have
declined to hear the motion to abate the attachments, even
though the plaintiffs had objected. And, on the proofs before
it, the court could have made no other order than to abate the
attachments, as it did. This being the result, all that was in
court had been swept away by the judgment abating the
attachments, and there was no suit left pending in which to
make further inquiry, with the view of subjecting the interest

of C. A. Wyatt in the firm assets of C. A. Wyatt & Co. to the demands of the plaintiffs. And, if they have suffered, it is their misfortune, resulting from their own mistake. It follows, therefore, that the decree of March 15th, 1889, is without error, and should be affirmed.

It only remains to notice briefly the objections to the decree of March 14th, 1890, refusing leave to file the bill of review.

The bill of review tendered and rejected was, in no essential particular, a good bill, in substance or form. The bill was not only bad on demurrer, but was not supported by proper affidavit. The application to file a bill of review must be supported by affidavit, which must set forth, and satisfactorily prove, that the evidence is not only new, but such as the party, by the use of reasonable diligence, could not have known of; and it has been held that the application should be refused when it appears that the affidavit of the witness to the newly-discovered evidence could readily have been obtained, but the party asking the rehearing merely files his own affidavit. 1st Bart. Ch'y Pr. 336–'7. " It is not sufficient that the party expects to prove certain facts. He must file the affidavits of witnesses in support of his averments." *Whitter* v. *Saunders*, 75 Va. 573. In the present case the only affidavits in support of the application to file the bill of review are those of Kern, a complainant in one bill, and Griffith, a complainant in the other ; and they are both merely to the effect that the allegations of the bills, *so far as they are made of the personal knowledge of the complainants*, are true, and that the other allegations are believed to be true. It nowhere appears, however, that any single allegation of the bills was made upon the personal knowledge of the affiants. No affidavits are produced of the persons upon whose knowledge the allegations were made. The record shows that the pretended newly-discovered evidence is simply, if anything, corroborative of evidence gone into prior to the rendition of

the decree sought to be reviewed. The long and well established rule of this court is that additional circumstances, merely confirming facts proved in the original cause, do not furnish sufficient grounds for a bill of review. *Randolph's Ex'or* v. *Randolph's Ex'or*, 1 H. & M. 180. Again, the newly-discovered evidence is directed mainly to the purpose of discrediting the witnesses examined on behalf of the defendants. It is an invariable rule that a bill of review cannot be used to impeach or discredit witnesses already examined. In *Livingston* v. *Hubbs*, 3 Johns. Ch'y Rep. 136, Chancellor Kent said : " Most of the testimony goes to the credit of witnesses examined on the part of the plaintiff, but the credit of witnesses is not to be impeached after the hearing and decree. Such applications for an examination as to the credit of a witness are always regarded with great jealousy, and they are to be made at the hearing. There would be no end to suits if the indulgence asked for in this case was to be permitted."

But it can serve no good purpose to pursue the subject further. The bill of review tendered was not only radically defective, but, if it were otherwise, the remedy was not by bill of review, but by appeal. It follows, therefore, that the court below did not err in its decree of March 14th, 1890, refusing to allow said bill of review to be filed.

For the reasons aforesaid both of the decrees appealed from are right, and the same must be affirmed.

DECREES AFFIRMED.