## Wytheville.

PULLIAM V. TOMPKINS, RECEIVER.

JULY 4, 1901.

1. JUDICIAL SALES—*Purchaser—Loss of Funds—Commissioner's Bond—Acts 1883-'4, p. 213.*—Under the provisions of the act of February 25, 1884 (Acts 1883-'4, p. 213), a purchaser at a judicial sale who has paid his purchase money to one of the special commissioners who made the sale will be protected, although the money was never accounted for by the commissioner, where it appears that the bond directed by the decree of sale was given; that the required certificate was obtained from the clerk, appended to and published with the advertisement; that the land was sold in pursuance of the advertisement; and that no notice of another person having been appointed to collect the purchase money was ever issued or served upon the purchaser.

Appeal from two decrees of the Circuit Court of Montgomery county, pronounced at May term, 1897, and November term, 1899, respectively, in sundry chancery suits heard together, in one of which the appellee was the complainant, and the appellant and others were the defendants.

*Reversed.*

*Moffett & Kime* and *Scott & Staples,* for the appellant.

*J. L. & M. H. Tompkins,* for the appellee.

HARRISON, J., delivered the opinion of the court.

In the case of *Ellen T. Northcross* v. *William H. Davis' Heirs,* pending in the Circuit Court of Montgomery county, a decree was entered at the may term, 1884, appointing George G. Junkin and James C. Taylor commissioners to sell certain real estate,

Opinion.

providing that they or either of them should, before proceeding to act thereunder, execute a bond in the penalty of five hundred dollars, conditioned as the law directs. In pursuance of this decree the commissioners executed jointly the bond required, and advertised the several parcels of land to be sold at public auction August 23, 1884. Appended to the advertisement was the following certificate: " I, Charles I. Wade, clerk of Montgomery Circuit, do certify that G. G. Junkin and James C. Taylor, the special commissioners appointed to make sale of · lands under a decree in suit of *E. T. Northcross* v. *Wm. H. Davis' Heirs*, have executed the bond required of them by the decree. Given under my hand this 14th day of July, 1884.

    (Signed)              CHARLES I. WADE, Clerk."

In accordance with the advertisement, the lands were sold on the day named; and at the November term, 1884, the sales were confirmed, without exception, and George G. Junkin was appointed special receiver, with bond in the penalty of $10,000, and charged with the duty of collecting all rent and sale bonds due in the case from purchasers or tenants. Among the sales thus made and confirmed was 70⅝ acres to John W. Barnett, at $15.00 per acre, who made his cash payment and executed his bonds for three deferred instalments at one, two, and three years. At the May term, 1887, a decree was entered recognizing P. B. Pulliam as substituted purchaser for the 70⅝ acres, and directing George G. Junkin, as commissioner of the court, to unite with John W. Barnett and wife in a deed to D. B. Pulliam. In pursuance of this decree, the commissioner and Barnett and wife conveyed the land to Pulliam, reserving a vendor's lien for unpaid purchase money. The entire purchase price was paid by Barnett and Pulliam, the cash payment to Junkin and Taylor, and the deferred instalments to Junkin.

It appears that Junkin never executed the $10,000 bond required of him as receiver by the decree of November, 1884, and

that no notice of that decree was ever given to either Barnett or Pulliam. A settlement of the account of Junkin, receiver, shows him to be in arrears to the fund in the sum of $1,065.95 as of November 16, 1888. Junkin having since died, this proceeding was instituted by the appellee, Tompkins, as substituted receiver, alleging that the several purchasers at the sale, made August 23, 1884, had paid their purchase money to Junkin without authority, and were bound to make good this default. As a result of this litigation, a decree was rendered at the May term, 1897, against John W. Barnett for $449.80, with interest from November 16, 1888, as the portion of the Junkin default for which he should account, and, in default of its payment, a sale was directed to be made of the 70⅝ acres bought by Barnett, and subsequently sold and conveyed to the appellant, D. B. Pulliam.

The contention of the appellant is that the payments made to Junkin on account of the purchase price of the 70⅝ acres were valid payments, and discharged those making them, and the land, from further liability therefor.

The correctness of this contention depends upon the proper construction of the act of February 25, 1884 (Acts 1883-4, p. 213). This act took effect from its passage, while the decree of sale in question was not entered until the following May. This statute is free from ambiguity, and its terms are too clear to leave room for doubt as to its meaning. Its object is shown by the title—"*An act to provide for the protection of purchasers at, and other persons interested in, judicial sales.*" The first section provides that no special commissioner appointed by a court to make sale of land shall execute the decree until he shall have given bond in such penalty as the court shall fix, with security to be approved by the court or clerk thereof. It further provides that no such commissioner shall advertise the sale of land, without first obtaining from such clerk a certificate that the bond required by law, or by the decree, has been executed, and append-

ing such certificate or a copy thereof to the advertisement. The second section provides that, when such certificate has been published with an advertisement of sale, any person purchasing such land in pursuance of such advertisement shall be relieved from all liability for the purchase money or any part thereof, which he may pay to any special commissioner, as to whom proper certificate shall have been appended to such advertisement. It is provided, in section 5, that the commissioner or commissioners appointed to make the sale shall receive and collect all the purchase money, unless by decree of court some other person is appointed to collect the same; in which event, the clerk is required to issue notice of such appointment to the purchaser, to be served as other notices are served: provided that if any payment is made to a special commissioner making the sale before the purchaser has notice of the appointment of another person, such special commissioner and his sureties shall be responsible for the money so paid, and the purchaser shall not be responsible therefor.

It appears from the record before us that the bond directed by the decree of sale was given; that the required certificate was obtained from the clerk; that a copy of the certificate was appended to and published with the advertisement; that the land in question was purchased in pursuance of that advertisement; that the purchase price was paid to one of the special commissioners who had made the sale; and that no notice of another person having been appointed to collect the purchase money was ever issued or served upon the purchaser. Under these circumstances it is clear that the purchaser of the 70⅗ acres was, in the language of the statute, relieved from all liability; otherwise, the law which was intended for his protection would be converted into a trap for his destruction.

For these reasons, the decrees appealed from must be reversed and set aside, in so far as they affect the rights of the appellant in and to the land in question, and the cause remanded for further proceedings not in conflict with this opinion.

*Reversed.*