# Richmond.

## VALZ v. COINER AND OTHERS.

### November 18, 1909.

Absent, Buchanan, J.

1. EQUITY—*Bill of Review—Errors Reviewable.*—The errors on the record for which a bill of review will lie must be errors of law apparent upon the face of the record. They must be such as appear on the face of the decrees, orders and proceedings in the cause, arising on facts either admitted by the pleadings, or stated as facts in the decrees. The evidence outside of the decree cannot be examined to determine whether the court erred in its judgment in the determination of the facts. This is the proper office of the court upon an appeal, but not upon a bill of review.

Appeal from a decree of the Circuit Court of Augusta county, rendered on a bill of review filed by the appellant. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*J. M. Perry,* for the appellant.
*Charles & Duncan Curry* and *Braxton & McCoy,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Augusta county, dismissing on demurrer a bill of review filed by the appellant to review and reverse for errors of law appearing upon the face of the record a decree made July 3, 1907, in the cause of *Coiner* v. *Higginbotham.*

The original bill was filed by P. M. Coiner against C. D. Higginbotham to enforce a vendor's lien retained by Coiner in a deed which had been executed by him to Higginbotham some years before, and the land involved in the suit was a lot in the city of Staunton, on the eastern side of South Augusta street, south of its intersection with New Courthouse street. In the course of the suit various proceedings were had, Higginbotham setting up a number of defenses, among which was a failure in the quantity of land purported to be conveyed to Higginbotham by Coiner, arising from the fact that the rear portion of the lot was claimed by A. M. Valz, the appellant here.

The cause was twice referred to a master commissioner, and was finally heard and determined—certainly as to appellant—by the decree of July 3, 1907, asked to be reviewed, in which decree it was held that the parcel of land in dispute passed to and became the property of Higginbotham under the deed of conveyance from P. M. Coiner, and was not the property of the appellant, Valz, and adjudicated costs against Valz. The decree of July 3 brought the cause on to be heard on the papers formerly read, the report of the master commissioner, with exceptions thereto, the depositions of witnesses, deeds and other documents and plats returned by the commissioner with his report or referred to by him and offered by counsel, and then states the deeds of conveyance referred to. Then follows the adjudication above stated, and the residue of the decree merely carries out the findings and conclusions of the court.

That this was a final decree as to appellant, Valz, is not questioned. There is no reference to facts admitted by the pleadings or stated as facts in the decree, and the bill of review seeks to have the decree reviewed for errors apparent upon the face of the record, but in fact seeks to have the entire case reviewed upon not only the pleadings but the evidence introduced into the record for and against the complainant in the bill of review; and the decree from which this appeal was allowed merely sustains the demurrer to the bill of review and dismisses the bill.

The petition for the appeal seeking to have the decree dismissing the bill of review reversed enters into a consideration of the entire record in the case—the pleadings, the proofs, and the decrees entered in the cause. It seems to have been overlooked that on a bill of review the proofs cannot be considered, and that if the decree sought to be reviewed is contrary to the proofs, remedy can only be sought by appeal. The decision of the court upon the issues of fact, so far as they depend upon the proofs, is conclusive on a bill of review. *Rawlings* v. *Rawlings,* 75 Va. 76. The sole contention in the bill of review was that the decision of the court was contrary to the facts upon which the decree was founded.

In *Rawlings* v. *Rawlings, supra,* the case of *Bartlett & Miller* v. *Fifield,* 45 N. H. 81, is cited with approval, and in that case it is said that "where a cause is heard upon bill, answer, and proofs, a bill of review cannot be maintained upon the ground that the proofs fail to establish the facts upon which the decree is founded."

In *Rawlings* v. *Rawlings, supra,* as in this case, the errors the bill of review sought to correct were not errors of law apparent in the decree, but errors in judgment in the determination of the facts on which the decree complained of was based, and the opinion in that case says that: "We are not allowed to look into this evidence, on a bill of review, to determine whether the deductions of fact were erroneous or not. That, as has been seen, would be the proper office of the court on an appeal."

So, in this case, the decree of July 3, 1907, has nothing upon its face upon which we could determine whether the adjudication therein was erroneous or not

As was said by Christian, J., in *Thomson* v. *Brooke,* 76 Va., at p. 163: "It is well settled that a bill of review can only be brought upon two grounds—first, upon newly-discovered evidence; and, second, upon errors of law apparent upon the face of the record." And, quoting from the opinion in *Rawlings* v *Rawlings, supra,* as follows: "As to errors of law, they must be such as appear on the face of the decrees, orders and proceed-

ings in the cause, arising on facts either admitted by the pleadings or stated as facts in the decrees. Such errors of law, and such only, may be corrected by a bill of review. But if the errors complained of be errors of judgment in the determination of facts, these can only be corrected by appeal." And quoting from *Dexter* v. *Arnold,* 5 Mason's Rep. 303, it is said, that "in regard to errors of law apparent on the face of the decree, the established doctrine is that you cannot look into the evidence in the case in order to show the decree to be erroneous in its statement of facts. That is the proper office of the court upon an appeal. But taking the facts to be as they are stated to be on the face of the decree, you must show that the court has erred in point of law. If, therefore, the decree does not contain a statement of the material facts on which the decree proceeds, it is plain that there can be no relief by a bill of review, but only by an appeal to some superior tribunal."

In *Kern* v. *Wyatt,* 89 Va. 885, 17 S. E. 549, it was held that "error in deciding the ownership of attached property is one of fact, and can be correctd only by appeal, and not by bill of review." See also *Sharp* v. *Shenandoah Furnace Co.,* 100 Va. 27, 40 S. E. 103.

As remarked, the decree asked to be reviewed makes no statement of the facts nor refers to any agreed statement of facts upon which the court's decision adverse to appellant, A. M. Valz, was grounded, and, therefore, the case comes directly under the control of the authorities we have cited; and whether or not there was error in that decree cannot be determined upon a bill of review, since this court cannot look to the facts upon which the decree was rested, and cannot, therefore, say whether the decree was correct or incorrect. The presumption in such a case is that the decision of the trial court was correct.

For the foregoing reasons we are of opinion that the decree appealed from, dismissing appellant's bill of review on demurrer, is without error, and must be affirmed.

*Affirmed.*