# Wytheville.

## J. W. STOWE v. GEORGE T. RISON, ADMINISTRATOR C. T. A. OF J. W. TOMPKINS.

June 13, 1929.

The opinion states the case.

*Harris, Harvey & Brown* and *W. Howard Rogers,* for the appellant.

*E. C. Hurt, Jr.*, and *L. M. Bazile*, for the appellee.

PRENTIS, J., delivered the opinion of the court.

At the November term, 1927, the circuit court entered a decree confirming a sale of a tract of land containing eighty-three and three-eighths acres to the appellant, Stowe, as the highest bidder therefor at a judicial sale. The proceedings appear to have been in every respect regular. The commissioner of sale reported that Stowe having made the highest bid therefor, $3,200.00, at the auction sale, became the purchaser of the property, and that he had strictly complied with the requirements of the decree of sale. The commissioner also reported that after the day of the sale he had received an advance bid from J. W. Saunders of $3,600.00, which had been later increased to $4,000.00, and because of this upset bid the commissioner reported against the confirmation of the sale to Stowe.

Stowe excepted to this report, and filed the affidavits of eight persons fully supporting the contention that his bid of $3,200.00 was the fair and adequate market value of the property. Other affidavits, two in number, were filed, indicating that it was worth $4,000.00 or more.

Upon consideration of the issue thus raised, the court confirmed the sale to the appellant at $3,200.00, and directed the special commissioner to convey the property to Stowe upon his payment of the balance of the purchase price.

The administrator then indicated his purpose to appeal from that decree, but did not do so.

On the 16th of January, 1928, during the January term, the administrator, who is the appellee here, filed his bill of review, praying that the November decree confirming the sale to Stowe be set aside and a resale of the property ordered, starting at the upset bid of $4,000.00, which had been already considered and rejected at the previous November term. The ground alleged was that errors of law appeared upon the face of the record, which justified setting aside the sale. He also alleged that he had learned since the decree confirming the sale that a rumor had been in circulation that the title to the property was not good, and he had recently discovered that another party would probably have attended the sale and been a bidder but for that rumor.

The appellant demurred to the bill upon three grounds: (1) That no error of law appeared upon the face of the record of the case sufficient to maintain the bill, and that the specific errors of law alleged are insufficient to support it; (2) that as to the alleged after-discovered evidence, it was admittedly based upon vague rumor and was irrelevant and immaterial. He also averred that it would be a wrong to him and cause hardship, sacrifice and loss, specifically, that his previous status could not be restored because he had been induced to buy from the same special commissioner (in another cause), on the same date, 208 acres of land adjacent to the eighty-three acre tract here involved, had complied with the terms of that purchase, and that he would not have bought that 208 acre tract unless he had believed that his bid for this eighty-three acre tract would be accepted and the sale confirmed to him.

Upon this issue the trial court overruled Stowe's demurrer to the bill of review, and required him to

answer. At a later date, May 23, 1928, the court sustained the prayer of the bill of review, adjudging it to be a petition for rehearing, held that it had committed error at the present November term in rejecting the upset bid of Saunders and accepting the bid of Stowe, and therefore set aside and annulled that decree and directed a resale of the land. This is an appeal from that decree.

It is assigned as error that the court erred in overruling the demurrer to the bill of review and in ordering a resale of the property.

■ That the original decree confirming the sale to Stowe and rejecting the upset bid was, as to him, a final decree, there can be no doubt. Unless and until legally reversed, that decree definitely determined all of his obligations and rights, of which the court then had jurisdiction.

What is said in *Johnson* v. *Merritt*, 125 Va. 181, 99 S. E. 785, is quite applicable:

"This decree was certainly a final decree so far as it affected the rights of Merritt and Burton as purchasers of the land. They had paid the money into the hands of the officer of the court directed to collect it, and if it was thereafter lost, from any cause, the loss would fall upon the parties entitled to receive the money and not upon the purchasers of the land. *Pulliam* v. *Tompkins*, 99 Va. 602, 39 S. E. 221; 2 Barton Chy. 1092. Every question sought to be litigated by the bill had been decided, and the whole object of the litigation had been accomplished even down to the direction of the payment of the costs to the officers of the court. Nothing remained to be done except for the commissioner of the court to pay out as directed by the decree of September, 1912, the funds shown to be in his hands. No one had any interest whatever

in this matter except the beneficiaries of that fund mentioned in the decree. If the money was not paid, they could have executions issued and recover it, and if it was lost, it was not the loss of the complainants. They had no manner of interest in the disbursement of this fund. The case, certainly so far as they were concerned, was ended, and the decree was none the less final as to them because the commissioner was directed to make a report to the court. *Johnson* v. *Anderson*, 76 Va. 770. Whether the decree was final as to all the parties, it is not necessary to decide, as a decree may be final as to one party and not as to another. *Royall's Adm'rs* v. *Johnson*, 1 Rand. (22 Va.) 421; *Taylor* v. *Forbes' Adm'r*, 101 Va. 658, 44 S. E. 888; Hogg's Eq. Proc., section 569."

While a decree may be in part final and in part interlocutory, in the same cause, for and against the same parties who remain in court, in Virginia it has been often decided that a decree may be final as to one party and not as to another. *Gills* v. *Gills*, 126 Va. 526, 101 S. E. 900; *Witt* v. *Witt's Executor*, 146 Va. 256, 135 S. E. 681. The decree being final as to the purchaser, Stowe, it could not be corrected by bill of review, except for error of law apparent on the record, or for newly discovered evidence which is material and relevant.

This statement from 1 Hogg's Equity Procedure, section 229, states the rule and its limitations: "The errors apparent on the face of a decree, constituting errors of law for which a bill of review will lie, must be such as appear in the decree itself, the opinion of the court, or from the pleadings in the cause, and exhibits filed therewith, or such as arise from facts either admitted by the pleadings or stated as facts settled, declared, or allowed by the decree; but if the errors

complained of be errors of judgment in the determination of facts, such errors cannot be corrected by bill of review, but by appeal only. On a bill of review the evidence cannot be examined in order to show that the decree is erroneous in its recitals, findings, or statements of facts."

Among many pertinent cases in addition to those already cited which support and enforce this clearly stated rule, are: *Rawlings* v. *Rawlings*, 75 Va. 76; *Thomson* v. *Brooke*, 76 Va. 160; *Hancock* v. *Hutcherson*, 76 Va. 609; *Valz* v. *Coiner*, 110 Va. 469, 66 S. E. 730; *Barnhardt* v. *Smith*, 150 Va. 1, 142 S. E. 424; *Core* v. *Strickler*, 24 W. Va. 697; *Wethered* v. *Elliott*, 45 W. Va. 436, 32 S. E. 209; *Dunfee* v. *Childs*, 59 W. Va. 229, 53 S. E. 209; *Kanawha Oil Co.* v. *Wenner*, 71 W. Va. 477, 76 S. E. 893, 43 L. R. A. (N. S.) 559; *Garten* v. *Layton*, 76 W. Va. 63, 84 S. E. 1058; *Marshall* v. *Nicolette Lumber Co.*, 76 W. Va. 531, 85 S. E. 723.

If then the court committed an error at the November term, 1927, in refusing to entertain the upset bid and in confirming the sale to the appellant, that error could only be corrected by appeal. It is not an error of law apparent upon the face of the proceedings, because, if indeed it was error, it was error based upon an erroneous conclusion upon disputed questions of fact.

It is here contended, however, upon the authority of *Goolsby* v. *St. John*, 25 Gratt. (66 Va.) 146, and under Rule VIII of this court, that this appeal brings up the whole record, and that this court can now review the November, 1927, decree and correct the alleged error in confirming the original sale to Stowe just as if an appeal had been taken by the appellee, Rison, from that decree.

The language referred to in *Goolsby* v. *St. John,* *supra,* is this: "If the case had not been a proper one for a bill of review, and the court below had erred in giving leave to file it, still we would have arrived at the same result. This appeal would have brought up the whole case, and we could and would have gone back to the first error and reversed the decree of the 2nd day of September, 1871, and rendered such decree as the court ought then to have rendered. Only a little more than a year had elapsed after the date of that decree before the appeal was perfected, and it was in full time for an appeal from that decree, even if that be a material matter; which is a question we need not now decide."

The difference between that case and this is that the appeal from the bill of review there had been allowed in this court before the time for an appeal from the original decree had elapsed, whereas here the six months limitation to an appeal from that decree, prescribed by statute, had elapsed before this appeal was allowed. It is doubtless true that if this appeal had been allowed within six months from the date of the November, 1927, decree, cross-error might have been assigned under Rule VIII, and we might have considered the whole record. Because, however, of the lapse of time, the appellee cannot, on this appeal, now assign such an error in the original decree. It is a jurisdictional question. This court has no jurisdiction to correct any such error unless the jurisdiction of this court attaches within the statutory period, now fixed at six months from the date of the appealable decree.

We remark in passing that even if we felt free to consider the alleged error in the November, 1927, decree, we should doubtless, under the facts shown in this case, have held that there was no error in that decree.

Our conclusion then is, that the demurrer of Stowe, the appellant, to the bill of review should have been sustained because there is no error of law apparent upon the face of the proceedings. So much of the decree of May 3, 1928, as annuls the confirmation of the sale to Stowe entered at the November term, 1927, and which directs the resale of the property, starting said sale with the upset bid of $4,000.00 made by Saunders, is erroneous and is therefore reversed. The cause is remanded to the Circuit Court of Pittsylvania county, with directions to execute the decree of November term, 1927, confirming the sale of the eighty-three and three-eighths acres of land to appellant, J. W. Stowe.

*Reversed.*