# Richmond

ELLIS STAMPS V. ANNIE BELLE STAMPS WILLIAMSON.

November 21, 1949.

Record No. 3525.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Staples
and Miller, JJ.

The opinion states the case.

*Hill, Martin & Robinson* and *J. L. Williams*, for the appellant.

*Meade & Talbott*, for the appellee.

EGGLESTON, J., delivered the opinion of the court.

This appeal involves the validity of a decree rejecting a bill of review filed by the appellant, Ellis Stamps, for the purpose of annulling a final decree entered in a partition suit. A clear understanding of the precise issue involved will require a somewhat detailed statement of the proceedings in the court below.

In December, 1946, Annie Belle Stamps Williamson filed her bill of complaint against her brother, Ellis Stamps, seeking partition of a parcel of real estate owned jointly by her and the defendant.[1] The bill alleged that a single-family residence was located on the property; that it was not susceptible of partition in kind; that the complainant was ready, willing and able to take the property and pay the defendant such amount as his interest therein might entitle him to; and that the defendant was "not willing, ready or able to take said real estate under the same conditions."

The prayer was that the real estate be allotted, assigned and set over to the complainant; that in the event that it was not so allotted it be sold at public auction and the proceeds divided between the complainant and the defendant.

The defendant filed an answer in which he admitted the joint ownership of the property and that it was not susceptible of partition in kind. The answer further alleged that "the defendant does deny that he is unwilling and unable to take the said property and pay the complainant for her interest therein." It prayed, among other things, "that the prayer of the complainant to have the property sold at auction be granted or that the matter be disposed of in any way that to equity may seem meet."

This answer was prepared and signed by counsel who withdrew from the case shortly thereafter.

Pursuant to notice served on the defendant in person, the complainant proceeded to take her deposition in support of

---

[1] Code, section 5279 ff.

the allegations in the bill. There was no appearance for the defendant either in person or by counsel at this hearing.

On June 6, 1947, a decree was entered bringing the cause on for hearing "upon the bill of complaint * * * , upon proof of legal service of process on the defendant in person, upon the answer of the defendant * * * , and upon the depositions duly taken."

The decree recited that upon consideration of such proceedings and proof it appeared to the court that partition of the real estate could not be conveniently made; that the complainant desired the entire property allotted to her; and that she was ready, willing and able to pay the defendant such sum of money as his interest therein might entitle him to. Whereupon it was decreed that the entire property be allotted to the complainant.

Commissioners were appointed to appraise the property and to report its fair market value.

On June 26, 1947, the commissioners filed their report fixing the fair market value of the property at $3,500. On July 30 a decree was entered bringing the cause on to be heard "on the papers formerly read and upon the report of the commissioners." This report was confirmed.

The decree contained the further recital and finding by the court that the property was owned jointly by the complainant and the defendant; that it was not susceptible of convenient partition in kind; that the complainant had a clear right to demand a partition thereof; that she was "willing, ready and able" to take the property and pay the defendant such amount in cash as his interest might entitle him to; *"that the defendant is not willing, ready or able to take said real property under similar conditions"* (italics supplied); and that it was necessary and to the advantage of the parties that the property be partitioned "in the manner prayed for by the complainant, namely, that said real estate be allotted, assigned and set over to the complainant upon paying therefor to the defendant such sum of money as his interest therein may entitle him to."

By the further terms of the decree a special commissioner was appointed to convey the one-half undivided interest of the defendant to the complainant upon the payment by her of the sum of $1,750.

From the time of the withdrawal of his counsel, which was prior to the taking of the complainant's deposition, to the date of the entry of the decree last mentioned, the defendant was not represented by counsel and took no part in the proceedings.

On September 3, 1947, the defendant, through a local attorney other than the one who had previously represented him, informally presented to the judge of the court below the papers in the suit, together with a petition praying for a rehearing of the decree of July 30, wherein the property had been allotted to the complainant, on the ground that such decree was erroneous on the face of the record.

Although the petition made no mention of the matter, it subsequently developed that pursuant to the decree of July 30, 1947, the special commissioner had collected from the complainant the purchase price of the defendant's one-half interest in the property, as fixed by the decree, and by deed dated August 29, 1947, had conveyed such interest to the complainant and had mailed to the defendant a check for the amount due him.

During the month of September, 1947, the attorneys representing the respective parties argued before the lower court the sufficiency of the evidence, embodied in the deposition taken on behalf of the complainant, to sustain the findings in the decree of July 30. At that hearing no question was raised as to whether the decree complained of was interlocutory or final, or whether its validity could be tested by such a petition.

On September 30 the judge of the lower court wrote counsel for the respective parties that he had reached the conclusion that the decree complained of was final, and, therefore, could not be attacked by a petition for a rehearing. However, as the letter stated, the court had treated

the petition as a bill of review,[2] had concluded that the deposition on behalf of the complainant did "not prove defendant's inability and unwillingness to take the property," that, therefore, there was "error on the face of the record," and that the decree complained of should be set aside. No decree to this effect was presented or entered and the matter lay dormant for a year.

In the meantime counsel who originally represented the complainant withdrew from the case and her present counsel were employed. At their insistence the matter was again argued, and for the first time the attention of the lower court was directed to the point that on a bill of review the decree complained of could not be attacked and annulled on the ground that its findings of fact were not supported by the evidence.

After having fully considered this phase of the matter the court, in a written opinion, announced its conclusion that the point of the complainant was well made and for that reason the bill of review should be rejected. From a decree to this effect the present appeal has been taken.

Clearly, we think, the lower court was right in its latter holding. We have repeatedly held that on a bill of review attacking a final decree for error of law on the face of the record the court cannot consider the sufficiency or insufficiency of the proofs beyond the evidence or statement of facts recited in the decree.

" * * * As to errors of law, they must be such as appear on the face of the decrees, orders, and proceedings in the cause arising on facts either admitted by the pleadings or stated as facts in the decrees. Such errors of law may be corrected by bill of review, but if the errors complained of be *errors of judgment in the determination of facts*, such errors can be corrected only by appeal. * * * " *Rawlings* v. *Rawlings*, 75 Va. 76, 88.

As Justice Story expressed it in *Dexter* v. *Arnold*, 5 Mason 303, 7 F. Cas. 583, 586, "In regard to errors of law, ap-

---

[2] Code, section 6316, as amended.

parent upon the face of the decree, the established doctrine is that you cannot look into the evidence in the case in order to show the decree to be erroneous in its statement of the facts. That is the proper office of the court upon an appeal. But taking the facts to be as they are stated to be on the face of the decree, you must show that the court have (*sic*) erred in point of law. (Citing authorities.) If, therefore, the decree do not contain a statement of the material facts, on which the decree proceeds, it is plain that there can be no relief by a bill of review, but only by an appeal to some superior tribunal."[3]

See also, *Thomson* v. *Brooke*, 76 Va. 160, 163; *Valz* v. *Coiner*, 110 Va. 467, 469, 470, 66 S. E. 730; *Powers* v. *Howard*, 131 Va. 275, 277, 278, 108 S. E. 687; *Stowe* v. *Rison*, 152 Va. 842, 847, 848, 148 S. E. 687; Lile's Equity Pleading & Practice, 2d Ed., section 178 *ff.*

In the case before us the decree attacked contains no recital of the evidence or statement of facts upon which the court based its finding that the defendant was not ready, willing or able to take the property and pay the complainant for her interest therein.

It is argued, however, that since the bill alleged that the complainant was ready, willing and able to take the property and pay the defendant for his interest therein, and the defendant's answer denied that he was "unwilling and unable" to do the same, it thus appeared on the face of the record that both parties were "ready, willing and able to take the property at its fair market value," and that "under these circumstances the court had no authority to enter the decree complained of," allotting the property to the complainant, but instead should have ordered it sold at public auction.

There are several answers to this argument. In the first place, there was no prayer in the answer that the property be allotted to the defendant. The prayer was that the

---

[3] Quoted with approval in *Rawlings* v. *Rawlings*, 75 Va. 76, 88, 89; *Valz* v. *Coiner*, 110 Va. 467, 470, 66 S. E. 730.

property be "sold at auction," or "that the matter be disposed of in any way that to equity may seem meet."

Again, even if the allegations in the answer be treated as an unqualified willingness to take the property and pay the complainant for her interest therein, it might very well be said that the defendant's subsequent conduct, as disclosed by the record, indicated that he had abandoned the position asserted in the answer. He failed to appear at the taking of the complainant's deposition, or to offer any evidence whatsoever on his behalf, or to object to the entry of the decree allotting the property to the complainant.

In the next place, there is nothing in the statutes dealing with partition (Code, section 5279 *ff.*) which supports the argument that when two joint owners merely *allege* in their pleadings that they are ready, willing and able to take the entire property the court is without jurisdiction or authority to allot it to either, and that under such circumstances the property must be sold at public auction.

Code, section 5281, as last amended (Acts 1928, ch. 393, p. 1012), provides:

"When partition cannot be conveniently made, the entire subject may be allotted to any party who will accept it, and pay therefor to the other parties such sums of money as their interest therein may entitle them to; or * * * if the interest of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject, or allotment of part and sale of the residue, the court, * * * may order such sale, or an allotment of a part thereof to any one or more of the parties who will accept it and pay therefor to the other parties such sums of money as their interest therein may entitle them to, and a sale of the residue, * * * ."

Here the court is given broad authority to deal with the subject as the interest of the parties and the circumstances of the case may require. Minor on Real Property, 2d Ed., section 896, pp. 1143-4; *Johnson* v. *Merritt*, 125 Va. 162, 187, 188, 99 S. E. 785; *Roberts* v. *Hagan*, 121

Va. 573, 579, 580, 93 S. E. 619. Its conclusion is, of course, subject to review upon appeal.

The circumstances which should guide the court in its disposition of the matter will depend not merely on the allegations in the pleadings, but on the evidence or lack of evidence adduced to support such allegations.

Here the decree complained of finds as facts that the complainant was ready, willing and able to take the property and that the defendant was not. Since the evidence upon which this finding is based is not set forth in the decree, there is nothing on its face to show that such conclusion was an error of law, and consequently the decree was not subject to attack by a bill of review.

The decree complained of is

*Affirmed.*