# Staunton

EMORY C. RICE v. STANDARD PRODUCTS COMPANY, INCORPORATED.

September 6, 1957.

Record No. 4683.

Present, All the Justices.

Appeal from a decree of the Circuit Court of Northumberland county. Hon. Daniel Weymouth, judge presiding.

The opinion states the case.

*J. T. Robertson* and *J. C. Hutt* (*T. A. Williams; Hutt & Robertson*, on brief), for the appellant.

*William B. McLeod* and *Ammon G. Dunton* (*Dunton, McLeod & Simmons*, on brief), for the appellee.

SNEAD, J., delivered the opinion of the court.

On April 27, 1956, Emory C. Rice, appellant, filed his bill of review in which he complained of an interlocutory decree entered May 18, 1955, and the refusal of the court to grant his motion to adduce further evidence thereafter, and attacked a final decree entered October 31, 1955, for errors of law apparent on the face of the record. He prayed that the court review the record of the proceedings, vacate the above decrees, reinstate the cause on the docket, refer the cause to a commissioner with direction to ascertain and determine the necessary facts to apply the applicable law, and to establish the proper riparian boundary between his property and that of Standard Products Company, Inc., appellee. A demurrer was filed by appellee to the bill, and the court, by decree entered July 6, 1956, sustained the demurrer and dismissed the bill. From this decree we granted an appeal.

The sole question presented is whether or not there were errors of law apparent on the face of the record.

It appears from the record that appellant was the owner in fee of one and one-half acres of land situated on Cockrell's Creek in Northumberland County. Appellee was the owner of a certain tract on Cockrell's Creek adjoining appellant's property on the south. There was no dispute between the parties as to the location of their common boundary line above mean low water mark of Cockrell's Creek. The parties, however, were not in agreement as to their respective riparian

rights in regard to the boundary line dividing the land under the waters of the creek and their rights to use the area between the low water line on their respective properties and the line of navigability or channel. Hence appellant instituted suit against appellee.

In his petition and amended petition appellant prayed that the extent of his right of enjoyment of the water as well as the land under the water be decided; that the line of navigability in front of his property be determined, and that the line of division under the water between the properties of the parties be established.

With consent of counsel the cause was heard by the court *ore tenus.*

By its final decree, entered October 31, 1955, the court found from the evidence adduced "* * * [T]hat the line of navigability in that portion of Cockrell's Creek affected by these proceedings is a line approximately one hundred fifteen (115) feet in length running along the approximate ten foot depth contour at mean low water, and that said *said* line runs in an approximately north and south direction from a point at or near the edge of the wharf of the defendant toward a point approximately at the end of the center wharf of the petitioner, all of which may be seen upon petitioner's Exhibit A, a plat made by J. Arthur Cooke, Surveyor, and that the proper allocation of said line to the parties hereto is to be made as follows, that is to say, the petitioner shall have that portion of the line which bears the same ratio to the whole of said line as the length of his shore line along Cockrell's Creek at mean low water line bears to the total length of the shore line of the petitioner and that of the defendant along said Creek at mean low water line extending from the point where the property line of the parties hereto strikes mean low water line to the point at the tip of Douglas Point, and it appearing that the length of the shore line of the petitioner is two hundred ninety-two (292) feet and that the said length of the shore line of the defendant is three hundred seventy-five (375) feet, it therefrom appears that the defendant is entitled to three hundred seventy-five six hundred and sixty-sevenths (375/667) of the said one hundred fifteen (115) foot line of navigability measuring from the South; and it further appearing to the Court that the proper and correct line dividing the area in which the petitioner may exercise his riparian rights from the area in which the defendant may exercise his riparian rights is a straight line drawn from the angle of the bulk-head of the defendant approximately one hundred two (102) feet in a westerly direction from the

western end of the small addition to the defendant's wharf, at which point the said bulkhead turns in a southwesterly direction to meet the line of the petitioner's land at mean low water line, out to the point on the said line of navigability determined as aforesaid; and it further appearing to the Court that such line is represented as to direction by the line marked AB appearing upon the petitioner's Exhibit A and running from Point A at the aforesaid corner of said bulkhead North 59° 45' East (magnetic 1955), and that said line runs from the aforesaid corner of the bulkhead, Point A on the said Exhibit, to the point where said line intersects the ten foot (10) contour at mean low water."

[■ The office of a bill of review has been well defined by authors and numerous decisions of this court. Its purpose is to have the trial court re-examine a previous final decree in the cause and to accomplish a reversal, modification or nullification of the decree. Such a bill must be exhibited within six months next after the entry of the final decree, except in the case of an infant or insane person who may exhibit his or her bill within six months after the removal of his or her disability. Only two grounds are available for this relief, viz: (1) For error of law apparent on the face of the record, or (2) newly discovered evidence. § 8-613, Code 1950; 3 M. J., Bill of Review, § 1, *et seq*; Lile's Equity Pleading & Practice, 3rd Ed., § 163, *et seq*; *Harrington* v. *Woodfin*, 193 Va. 320, 325, 326, 68 S. E. 2d 882.

In *Stamps* v. *Williamson*, 190 Va. 145, 150, 56 S. E. 2d 71, Mr. Justice Eggleston, speaking for the court, stated:

"* * * We have repeatedly held that on a bill of review attacking a final decree for error of law on the face of the record the court cannot consider the sufficiency or insufficiency of the proofs beyond the evidence or statement of facts recited in the decree.

" ' * * * As to errors of law, they must be such as appear on the face of the decree, orders, and proceedings in the cause arising on facts either admitted by the pleadings or stated as facts in the decrees. Such errors of law may be corrected by bill of review, but if the errors complained of be *errors of judgment in the determination of facts,* such errors can be corrected only by appeal. * * *' *Rawlings* v. *Rawlings,* 75 Va. 76, 88."

See also, *Thomson* v. *Brooke,* 76 Va. 160, 163; *Valz* v. *Coiner,* 110 Va. 467, 469, 470, 66 S. E. 730; *Powers* v. *Howard,* 131 Va. 275, 277, 278, 108 S. E. 687; *Stowe* v. *Rison,* 152 Va. 842, 847, 848, 148 S. E. 687.

■ Appellant contends that his original petition filed was sufficient in law and that the court erred in sustaining appellees amended demurrer, which follows:

"(1) As appears by petitioner's bill no claim is asserted as to the location of the boundary line between that section of Cockrell's Creek which the petitioner claims is appurtenant to his real estate and that section appurtenant to the real estate of the defendant.

"(2) The said bill fails to set forth any grounds by (*sic*) the relief prayed in that the same does not aver with clarity and certainty that any portion of the bulkheads, fills, piers, pilings, wharfs or any other structures of the defendant are on that portion of Cockrell*s* Creek claimed by the petitioner."

Appellant filed an amended petition in which he stated his claim as to the location of the boundary line in Cockrell's Creek separating the portion thereof in which paramount riparian rights are appurtenant to his property from the portion thereof in which paramount riparian rights are appurtenant to appellee's property.

Appellant asserts that the court, not the litigant, makes the apportionment and establishes the line; that he was not required to allege more than his title, the description of his property and his claim to riparian rights in order to have his rights defined and delimited, and that his original petition met these requirements.

In support of his contention, appellant cites *Groner* v. *Foster*, 94 Va. 650, 651, 652, 27 S. E. 493 in which it was said:

"Every riparian owner has the right to the water frontage belonging by nature to his land. This right includes, among others, the right of access from the front of his land to the navigable part of the water course, and also the right to the soil under the water between his land and the navigable line of the water course, whereon he may erect wharves, piers, or bulkheads for his own use, or the use of the public, subject to such rules and regulations as the Legislature may see proper to impose for the protection of the public. (Citing cases). * * *.

"Each riparian proprietor is entitled, in conformity to such right, to have the extent of its enjoyment upon the line of navigability of the water course determined and marked and his proper share of the flats, or land under the water, for the purposes aforesaid set apart, and its boundaries defined. A court of equity has jurisdiction, and is the proper tribunal, to make the apportionment, and to determine and establish the boundary lines of the coterminous owners."

On the other hand appellee maintains that it was appellant's duty to fairly inform it in the petition as to his claim so that it could adequately prepare a defense, if it developed there was any difference between the claims of the parties as to the boundary line in question.

The necessity of definiteness and certainty in a bill is discussed in 7 M. J. Equity, § 51, p. 80, wherein it is said:

"The bill should state the plaintiff's case with reasonable certainty, that is, the right he claims, the injury complained of, and the relief he seeks with such accuracy and clearness, and with such detail of the essential circumstances of time, place, manner, etc., as will inform the defendant of the nature of the case he is called upon to meet, stating, not conclusions of law but, the facts out of which arise his right to some specific relief. The case intended to be made must be certain, and the allegation of the necessary material facts to make it must also be certain. Every fact necessary to make out the case must be certainly and positively alleged, for the court pronounces its decree as based upon the allegation as well as on the evidence."

In *Universal Life Ins. Co.* v. *Devore*, 83 Va. 267, 270, 2 S. E. 433, the court stated:

"Great strictness is not generally required in equity pleading, certainly not in the structure of bills and answers, but it is an elementary rule of the most extensive influence that the bill should state the right, title, or claim of the plaintiff with accuracy and clearness; that it should in like manner state the injury or grievance of which he complains, and the relief which he asks of the court. There must be such certainty in the averment of the title upon which the bill is founded, that the defendant may be distinctly informed of the nature of the case which he is called upon to meet." See also *Matney* v. *McClanahan*, 197 Va. 454, 458, 90 S. E. 2d 128; 30 C. J. S., Equity, § 218, pp. 673, 674.

There was no error committed by the trial court in sustaining appellee's amended demurrer. Appellee was entitled to know what appellant was claiming so that it could prepare its defense. In any event the court's action was harmless, since appellant filed an amended petition and the court did in fact make the apportionment and establish the line.

Appellant also maintains that the court erred in refusing to grant his motion to require adduction of further evidence by reference to a commissioner in chancery, or appointment of commissioners or by taking further evidence. Since a bill of review lies only

after a final decree and a petition to rehear is the proper procedure of bringing errors of law and fact to the attention of the trial court before the entry of a final decree, it would appear that the proper method to attack such action of the court would have been by a petition to rehear or on appeal rather than by a bill of review. Lile's Equity Pleading & Practice, 3rd Ed., § 180. Irrespective of proper procedure, the motion was made after both parties had rested and argument of counsel had been heard. It came too late and we find no merit in this contention.

Appellant further contends that the trial court erroneously established the line of navigability and the shore lines and, as a result, established the riparian boundary contrary to law.

The rule or formula for the apportionment of riparian areas as set forth in *Groner* v. *Foster, supra* and cited with approval in *The Waverly Water-Front & Improvement Co.* v. *White*, 97 Va. 176, 33 S. E. 534, and in *Lambert's Point Co.* v. *Norfolk & Western Railway Co.*, 113 Va. 270, 74 S. E. 156, follows:

"A just rule of division is to measure the length of the shore and ascertain the portion thereof to which each riparian proprietor is entitled; next measure the length of the line of navigability, and give to each proprietor the same proportion of it that he is entitled to of the shore line; and then draw straight lines from the points of division so marked for each proprietor on the line of navigability to the extremities of his lines on the shore. Each proprietor will be entitled to the portion of the line of navigability thus apportioned to him, and also to the portion of the flats, or land under the water, within the lines so drawn from the extremities of his portion of the said line to the extremities of his part of the shore. The general rule of division, therefore, is, as the whole shore line is to the whole line of navigability so is each one's share of the shore line to each one's share of the line of navigability. The lines so drawn will be parallel, or diverge, or converge, as the navigable water line happens to be equal and parallel with, or is longer, or shorter, than the shore line."

The trial court found as facts in its final decree that the line of navigability affected by these proceedings was approximately 115 feet in length; that the length of appellant's shore line was 292 feet and that of appellee was 375 feet. On the basis of these facts the court fixed the line dividing the area in which appellant may exer-

cise his riparian rights from that in which appellee may exercise his riparian rights.

We are confined to the record properly before us, and are not now concerned with errors of fact, but only with errors of law apparent on the face of the record. If there be errors of judgment in the determination of facts they could have been corrected by appeal but not by a bill of review. There is nothing in the record to show that the chancellor did not apply the proper formula enunciated in *Groner* v. *Foster, supra* to the determined facts.

We find no errors of law apparent on the face of the record in the original cause. Thus the trial court was correct in sustaining appellee's demurrer to appellant's bill of review, and the decree appealed from is

*Affirmed.*